EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Carlos Collazo Muñiz<br><br>Recurrido<br><br>v.<br><br>New Fashion World Corporation h/n/c Aliss y otros<br><br>Peticionarios | Certiorari<br><br>2025 TSPR 22<br><br>215 DPR ___ |

Número del Caso:  CC-2023-0817


Fecha:  13 de marzo de 2025


Tribunal de Apelaciones:

    Panel III


Representante legal de la parte peticionaria:

    Lcda. Natalia Alexa Colón Díaz


Representante Legal del *Amicus Curiae:*

    **Centro Unido de Detallistas**
    Lcdo. Jorge C. Pizarro García


Materia:  Derecho Laboral – Término adecuado para presentar una moción de desestimación frente a una querella presentada al palio del procedimiento sumario laboral provisto por la Ley de Procedimiento Sumario de Reclamaciones Laborales.


Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Carlos Collazo Muñiz

     Recurrido

        v.               CC-2023-817     Certiorari

New Fashion World Corporation
h/n/c Aliss y otros

     Peticionarios

Opinión del Tribunal emitida por el Juez Asociado señor Kolthoff Caraballo

En San Juan, Puerto Rico, a 13 de marzo de 2025.

En esta ocasión nos corresponde determinar cuál es el término adecuado para presentar una moción de desestimación frente a una *Querella* presentada al palio del procedimiento sumario laboral provisto por la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, conocida como la *Ley de Procedimiento Sumario de Reclamaciones Laborales* (Ley Núm. 2), 32 LPRA sec. 3118 *et seq*.

Adelantamos que, dados los contornos particulares del procedimiento bajo la Ley Núm. 2, *supra*, la defensa afirmativa de falta de jurisdicción sobre la persona debe incluirse como parte de la alegación responsiva, sin que por ello se pueda concluir que el patrono querellado se somete a la jurisdicción del Tribunal de

Primera Instancia. Así, de proceder la defensa, el Tribunal deberá desestimar y la parte querellante no podrá levantar que el patrono se sometió a la jurisdicción con su alegación responsiva. De lo contrario, tal y como resolvimos en *Vizcarrondo Morales v. MVM, Inc., infra*, la parte querellada se expone a la anotación de rebeldía. Veamos.

**I**

El 8 de septiembre de 2023, el **Sr. Carlos Collazo Muñiz (señor Collazo Muñiz)** presentó una *Querella* en contra de su antiguo patrono, **New Fashion World Corporation H/N/C Tiendas Aliss (ALISS).**[1] Esta se basó en un alegado despido injustificado y se instó al amparo del procedimiento sumario laboral provisto por la Ley Núm. 2, *supra*.

Posteriormente, el señor Collazo Muñiz presentó una *Moción Acompañando Emplazamientos Diligenciados* en la que expuso que el emplazamiento se le diligenció a ALISS el 15 de septiembre de 2023.[2] Añadió que el diligenciamiento se efectuó dejando una copia del emplazamiento a un agente autorizado o persona designada por ley para recibirlo conforme a la Regla 4.4 de Procedimiento Civil de 2009, 32 LPRA Ap. V.[3]

En oposición, el 25 de septiembre de 2023, **ALISS presentó una *Moción de desestimación* al amparo de la Regla**

---

[1] Apéndice del *Certiorari*, págs. 17-26.

[2] *Íd*.

[3] Cabe destacar que la copia del emplazamiento fue diligenciado personalmente y entregado en la Ave. Eugenio María de Hostos, tiendas ALISS Mayagüez a la **gerente Frances Rodríguez.**

**10.2 de Procedimiento Civil, 32 LPRA Ap. V.**[4] Sostuvo que el emplazamiento no se diligenció conforme a derecho.

Acto seguido, el señor Collazo Muñiz presentó una *Oposición a la moción de desestimación* que nos dirige a la médula de la controversia. Entiéndase, que **ALISS no presentó su alegación responsiva dentro del término de 10 días que provee la Ley Núm. 2,** *supra*.[5] Ante ello, solicitó que se denegara la moción de desestimación y que se le impusieran honorarios de abogado por temeridad.[6]

Luego de varias mociones relacionadas a la validez del emplazamiento, el 20 de octubre de 2023, el Tribunal de Primera Instancia notificó una *Resolución y Orden* en la que determinó que adquirió jurisdicción sobre ALISS.[7] Entonces, y en lo pertinente a la controversia que nos ocupa, el **foro de primera instancia concedió a ALISS un término perentorio adicional de 5 días para presentar su alegación responsiva,** so pena de la anotación de rebeldía.[8] Inconforme con el término concedido, el señor Collazo Muñiz presentó un recurso de C*ertiorari* ante el Tribunal de Apelaciones.[9]

Así las cosas, el foro apelativo intermedio notificó una *Sentencia* en la que revocó la determinación del foro de

---

[4] Apéndice del *Certiorari*, págs. 27-45.

[5] *Íd.*, págs. 46-56.

[6] *Íd.*

[7] *Íd*, págs. 14-16.

[8] *Íd.*

[9] *Íd*, págs. 97-113.

primera instancia.[10] En cuanto al término para presentar la alegación responsiva, el Tribunal de Apelaciones sostuvo lo siguiente:

> Del expediente ante nos surge que, una vez diligenciado el emplazamiento, **en lugar de contestar oportunamente** la acción de epígrafe incoada bajo el procedimiento sumario de la Ley Núm. 2-1961, *supra*, la parte recurrida **optó por solicitar la desestimación del caso.** En particular, dentro del término jurisdiccional que poseía para acreditar su alegación responsiva o, en la alternativa, solicitar una prórroga conforme exige la normativa actual, instó un petitorio desestimatorio con argumentos dirigidos a impugnar el diligenciamiento del emplazamiento. Ello, en contravención a lo expresamente dispuesto en la precitada Sección 3 de la Ley Núm. 2- 1961, *supra*, a los efectos de que debe presentarse una sola alegación responsiva que incluya todas las defensas u objeciones que tenga a bien levantar la parte recurrida.
>
> […]
>
> Conforme a ello, evaluada la moción de desestimación promovida por la parte recurrida, el foro a quo debía resolver que el patrono tenía el deber de responder la Querella dentro del término jurisdiccional provisto para ello o solicitar una prórroga debidamente fundamentada y juramentada a esos efectos. **Vencido el término aplicable sin que el recurrido presentara alguno de los mencionados escritos, el foro de instancia debía anotar la rebeldía de dicha parte, a tenor con lo dispuesto por la Ley Núm. 2-1961, *supra*, y su jurisprudencia interpretativa.**
>
> […]
>
> En las particulares fácticas de esta controversia, **el foro recurrido carecía de jurisdicción y discreción para extender el término jurisdiccional de diez (10) días para que el patrono sometiera su alegación responsiva.** Al así obrar, derrotó el fin perseguido por el procedimiento sumario consagrado en la Ley Núm. 2-1961, *supra*. Es decir, el proceder del foro primario es incompatible con la finalidad del proceso mismo e incide, a su vez, con el postulado de nuestro ordenamiento procesal civil que busca garantizar una solución justa, rápida y económica

---

[10] Apéndice del *Certiorari*, págs. 1-13.

de todo procedimiento, incluyendo el sumario laboral. Regla I de Procedimiento Civil de 2009, 32 LPRA Ap. y, R. 1. Acorde con lo antedicho, en el caso de autos procedía anotar la rebeldía de la parte recurrida. En conclusión, se cometieron los errores señalados. (Negrillas Suplida).[11]

Ante esa coyuntura, ALISS presentó el recurso de epígrafe y planteó que erró el Tribunal de Apelaciones al determinar que el foro de primera instancia actuó sin jurisdicción al ordenar la contestación a la *Querella* en el término perentorio de cinco días.[12]

## II

### A. Procedimiento Sumario de Reclamaciones Laborales

La Ley Núm. 2, *supra*, se creó con el fin de establecer un procedimiento sumario para los casos de reclamaciones de obreros y empleados contra sus patronos por servicios prestados. Por conducto de este procedimiento, se fomenta la **rápida consideración y adjudicación de las querellas presentadas por los obreros o empleados.**[13] En suma, para

---

[11] Apéndice del *Certiorari*, págs. 1-13. Cabe destacar que, el "término jurisdiccional" al que el foro apelativo intermedio hace referencia, es en realidad un término ordinario o de cumplimiento estricto que puede prorrogarse por el tribunal, siempre y cuando, medie justa causa. Véase R. Hernández Colón, *Derecho procesal civil*, 6ta ed., San Juan, LexisNexis, 2017, págs. 232-233.

[12] En su recurso, ALISS también señaló como primer error la falta de jurisdicción por parte del Tribunal de Primera Instancia. Pues, según esta, no se le había emplazado conforme a derecho. Ahora bien, queda meridanamente claro, y así lo ha resuelto este Tribunal (véase *Lucero Cuevas v. The San Juan Star Company*, 159 DPR 494 (2003)), que el carácter sumario provisto por la Ley Núm. 2, *supra*, no puede ser utilizado como subterfugio para quebrantar el debido proceso de ley de la parte querellada. Sin embargo, del expediente del caso surge que el foro de primera instancia tuvo vasta oportunidad de aquilatar toda la prueba concerniente al emplazamiento del patrono querellado y determinó que este fue conforme al procedimiento establecido por la Ley Núm. 2, *supra*. En vista de lo anterior, rechazamos de plano el primer señalamiento de error y concluimos que la corporación fue emplazada conforme a derecho.

[13] *Santiago Ortiz v. Real Legacy et al*, 206 DPR 194, 206 (2021).

alcanzar su propósito, el legislador acortó los términos y condiciones que ordinariamente regulan y uniforman la litigación civil en nuestra jurisdicción.[14]

Como corolario de lo anterior, se instituyó un plazo menor para que el patrono responda la *Querella* que se presentó en su contra o solicite una prórroga dentro del plazo dispuesto. En específico, el patrono querellado tendrá un plazo de diez o quince días, según corresponda al distrito judicial donde fue presentada la *Querella* y su ubicación, para presentar su alegación responsiva.

Ahora bien, a modo de excepción, el patrono puede solicitar una prórroga dentro del plazo dispuesto para contestar en la cual exponga bajo juramento los motivos para ello.[15] En ningún otro caso, por mandato legislativo, tendrá jurisdicción el tribunal para conceder esta prórroga.[16] Incluso, aun si el patrono cumple con los criterios requeridos para la solicitud de prórroga, el tribunal no está obligado a concederla, ya que esta determinación dependerá de si la parte querellada demostró, mediante la propia moción, la existencia de una causa justificada para la dilación.[17]

Consecuentemente, será imprescindible que el patrono se acate a los términos acortados. Pues, de lo contrario, el incumplimiento con el plazo legal para contestar la querella

---

[14] *León Torres v. Rivera Lebrón*, 204 DPR 20, 31 (2020).

[15] 32 LPRA sec. 3120.

[16] *Vizcarrondo Morales v. MVM, Inc.*, 174 DPR 921 (2008).

[17] *Íd.*, pág. 931.

o solicitar una prórroga juramentada impone al patrono querellado los efectos de la litigación en rebeldía, pues ya es norma reiterada que, en vista del lenguaje categórico de la Ley Núm. 2, *supra*, los tribunales no tienen discreción para negarse a anotar la rebeldía a un patrono.[18]

Una vez transcurre el término para contestar la *Querella* "el tribunal está impedido de tomar cualquier otra determinación que no sea anotarle la rebeldía al querellado. A ello queda limitada la jurisdicción del tribunal, según establecido por la Sec. 3 de la Ley Núm. 2, *supra*".[19] Ello se debe a que la naturaleza de las reclamaciones instadas al palio de la Ley Núm. 2, *supra*, exigen celeridad en su trámite. De relegarlas al trámite ordinario, impediríamos la obtención del fin legislativo de proteger el empleo, desalentar los despidos injustificados y proveer a la persona obrera despedida suficientes recursos económicos entre un empleo y otro.[20] Sobre ese particular, en *Vizcarrondo Morales v. MVM, Inc.*, *supra*, expresamos que:

> [T]anto los tribunales como las partes deben respetar: (1) los términos relativamente cortos dispuestos en el estatuto para contestar la querella; (2) los criterios estrictos para conceder una prórroga para contestar la querella; (3) el mecanismo especial que flexibiliza el emplazamiento del patrono, y (4) entre otras particularidades provistas por la ley, las limitaciones en el uso de los mecanismos de descubrimiento de prueba. De no hacerlo, el procedimiento se convertiría en ordinario, lo cual sería incompatible tanto con el mandato legislativo de diligencia en el dictamen judicial, como con su carácter reparador.

---

[18] *Vizcarrondo Morales v. MVM, Inc.*, *supra*.

[19] *Íd.*, pág. 935.

[20] *Íd*, *supra*.

**B. La Ley Núm. 2, *supra*, y las Reglas de Procedimiento Civil**

Expuesto lo anterior, debemos considerar que la propia Ley Núm. 2, *supra*, dispone que las Reglas de Procedimiento Civil, 32 LPRA Ap. V, aplicarán supletoriamente en todo aquello que no esté en conflicto con las disposiciones específicas de esta o con el carácter sumario del procedimiento especial establecido en esta legislación.[21] En vista de lo anterior, **para resolver si el trámite ordinario de las normas de procedimiento civil aplica o no al procedimiento sumario, es necesario determinar si la regla es "conflictiva o contraria con alguna disposición específica de la ley especial, y con el carácter sumario del procedimiento".**[22]

Como corolario, en el caso de autos se trae a colación la Regla 10.2 de Procedimiento Civil, *supra*. Según esta, una persona que haya sido demandada podrá solicitar al tribunal que desestime la acción antes de contestarla "cuando es evidente de las alegaciones de la demanda que alguna de las defensas afirmativas prosperará".[23] Máxime, eso aplica cuando lo que se alega es que el Tribunal no adquirió jurisdicción por falta de emplazamiento. Igualmente importante, las propias Reglas de Procedimiento Civil, *supra*, disponen que la notificación de estas mociones interrumpe el término para presentar la alegación responsiva.[24]

---

[21] 32 LPRA sec. 3120.

[22] *Díaz v. Hotel Miramar Corp.*, 103 DPR 314, 321 (1975).

[23] *Sánchez v. Aut. de los Puertos*, 153 DPR 559, 569 (2001).

[24] Regla 10.1 de Procedimiento Civil, 32 LPRA Ap. V.

Ahora bien, en aras de atemperar las disposiciones de la Regla 10.2 de Procedimiento Civil, *supra,* con la celeridad de las acciones instadas al palio de la Ley Núm. 2, *supra*, impera la necesidad de distinguir el momento en que un patrono querellado deberá presentar la defensa afirmativa de falta de jurisdicción sobre su persona.

Sabido es que en el trámite ordinario, las Reglas de Procedimiento Civil, *supra*, disponen que la defensa de falta de jurisdicción sobre la persona se trata de una defensa que debe tramitarse según dispone la Regla 10.2 de Procedimiento Civil, *supra*, por lo que hay que presentar la alegación de falta de jurisdicción "en la primera oportunidad y no deben presentarse otras mociones y otras alegaciones, ya que implicaría una renuncia a los defectos en el emplazamiento. Una moción posterior levantando esos defectos sería tardía y no prosperaría".[25]

Sin embargo, si bien es cierto que en el trámite ordinario la norma es que las personas demandadas presenten una moción de desestimación previo a la alegación responsiva, **hemos rechazado la aplicación de mecanismos procesales incompatibles con el carácter sumario de la Ley Núm. 2, *supra***. Así, reafirmamos el deber de los tribunales de evitar que se desvirtúe la naturaleza sumaria del trámite y fomentamos la intención del legislador en propiciar la rápida disposición de las reclamaciones laborales.[26]

---

[25] R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 5ta ed., San Juan, Ed. LexisNexis, 2010, págs. 221-222.

[26] *Bacardí Corp. v. Torres Arroyo*, 202 DPR 1014, 1019 (2019).

**III**

¿Procedía que el Tribunal de Primera Instancia extendiera el término de la parte querellada para presentar su alegación responsiva sin que esta hubiese presentado una solicitud de prórroga conforme a lo dispuesto por la Ley Núm. 2, *supra*? Como bien resolvió el Tribunal de Apelaciones, concluimos que no.

De los hechos se desprende que ALISS, quien figura como patrono querellado, fue emplazada en el mismo distrito judicial que se inició la acción. Así, según las disposiciones de la Ley Núm. 2, *supra*, contaba con un término de diez días para presentar su alegación responsiva o, en la alternativa, una moción en la cual expusiera bajo juramento las razones que tuviere la querellada para solicitar una prórroga.

Este término de diez días para contestar la querella o presentar una moción en la cual se expusieran bajo juramento las razones que tuviere la querellada para solicitar una prórroga, según reseñamos que la ley en cuestión provee para ello, venció el 25 de septiembre de 2023. No obstante, ALISS no presentó ni su alegación responsiva a la querella dentro del referido término, ni una solicitud de prórroga debidamente fundamentada conforme a la Sección 3 de la Ley Núm. 2, *supra*. Se limitó a presentar una moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, *supra*.

Según señalamos en la normativa aplicable, **en el trámite ordinario, será imprescindible que la defensa de falta de jurisdicción sobre la persona se presente previo a la alegación responsiva.** De lo contrario, el juzgador podrá determinar que la defensa se presentó de manera tardía y que dicha parte se sometió a la jurisdicción del foro de primera instancia. Sin embargo, **la propia Ley Núm. 2,** *supra*, **dispone que para determinar la aplicación de cierta norma de procedimiento civil, primero se debe analizar si entra en conflicto con el trámite sumario de la ley en cuestión.**

Luego de un análisis exhaustivo tanto de la Ley Núm. 2, *supra*, como de la jurisprudencia de este Tribunal, concluimos que permitir que un patrono querellado presente una moción de desestimación previo a su alegación responsiva atenta en contra del carácter sumario por el cual se ideó esta ley.

En vista de lo anterior, a diferencia del trámite ordinario, **en el trámite sumario será el deber del patrono querellado presentar la defensa de falta de jurisdicción sobre la persona como parte de su alegación responsiva. Al así hacerlo, esto no se considerará como una renuncia automática ante la jurisdicción del Tribunal de Primera Instancia.** Claro está, la primera tarea del tribunal de instancia será atender la alegada falta de jurisdicción pues, como es harto conocido, los tribunales no pueden actuar sobre un demandado si no adquieren autoridad, es decir,

jurisdicción sobre este.[27] De proceder la defensa de falta de jurisdicción, corresponderá desestimar la acción.

Expuesto lo anterior, en aquellos casos donde no se presente la alegación responsiva y se opte por presentar únicamente una moción de desestimación, el patrono querellado se arriesga a que, de no proceder en los méritos su solicitud de desestimación y haberse vencido el término para responder a la querella sin haber presentado en término una solicitud de prórroga con justa causa, el tribunal de primera instancia estará obligado a anotarle la rebeldía.

En el caso de autos, en su *Resolución y orden*, el foro de primera instancia se apartó de la letra de la ley y le concedió un término adicional a la parte querellada. En su resolución el foro de primera instancia se limitó a disponer lo siguiente: "Por lo antes expuesto este Tribunal determina que adquirió jurisdicción sobre la parte demandada. Se concede a la parte demandada un término perentorio de 5 días a partir de la presente notificación para presentar su alegación responsiva, so pena de la anotación de rebeldía". Así, el foro erró en su proceder.

Como bien resaltó el foro apelativo intermedio en su *Sentencia*, tanto los tribunales como las partes deben respetar, en lo pertinente, los términos cortos dispuestos en el citado estatuto para contestar la querella, así como los criterios estrictos para conceder una prórroga a esos

---

[27] *Peña v. Warren*, 162 DPR 764 (2004).

efectos. Una vez se extingue el término para contestar la querella sin que el patrono acredite su alegación responsiva o solicitara una prórroga debidamente fundamentada y juramentada, como ya concluimos, el Tribunal de Primera Instancia está impedido de tomar cualquier otra determinación que no sea anotarle la rebeldía a la parte querellada.

**IV**

Por último, el Centro Unido de Detallistas acudió ante esta curia en calidad de *amicus curiae* y presentó un escrito en el que solicitó que, en beneficio de los pequeños y medianos negocios, nos alejemos del espíritu de la Ley Núm. 2, *supra*, y le concedamos un término mayor para comparecer al Tribunal luego de una querella. No podemos avalar este proceder, pues tal petición ciertamente pretende que usurpemos las funciones legislativas.

En conclusión, en aras de salvaguardar la intención del legislador, los foros judiciales tienen la obligación de aplicar rigurosamente los términos taxativos provistos por la Ley Núm. 2, *supra*. De ese modo, garantizarán la sencillez y celeridad de los procedimientos procurados por la Asamblea Legislativa en los casos de reclamaciones laborales. Como consecuencia de lo anterior, debido a que la Ley Núm. 2, *supra*, exige que los patronos querellados presenten su alegación responsiva en un término específico, ALISS incidió al no hacerlo y procede la anotación de rebeldía.

**V**

Por los fundamentos expuestos, se confirma la sentencia emitida por el Tribunal de Apelaciones y devolvemos el caso al Tribunal de Primera Instancia para que continúe con los procedimientos conforme a lo aquí resuelto.

Se dictará Sentencia de conformidad.


Erick V. Kolthoff Caraballo
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Carlos Collazo Muñiz

     Recurrido

      v.             CC-2023-817     Certiorari

New Fashion World Corporation
h/n/c Aliss y otros

     Peticionarios

SENTENCIA

En San Juan, Puerto Rico a 13 de marzo de 2025.

Por los fundamentos antes expuestos en la Opinión que antecede la cual se hace formar parte íntegra de la presente, se confirma la sentencia emitida por el Tribunal de Apelaciones y devolvemos el caso al Tribunal de Primera Instancia para que continúe con los procedimientos conforme a lo aquí resuelto.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Colón Pérez emite una Opinión de conformidad. El Juez Asociado señor Feliberti Cintrón está conforme en parte y disiente en parte, haciendo constar la siguiente expresión:

Aunque estoy conforme con lo aquí hoy pautado, opino que se le debió de dar efecto prospectivo, por lo que respetuosamente disiento con que se haya concedido la anotación de rebeldía en este caso.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Carlos Collazo Muñiz

    Recurrido

       v.                         CC-2023-817    *Certiorari*

New Fashion World Corporation
h/n/c Aliss y otros

    Peticionarios

Opinión de conformidad emitida por el Juez Asociado señor COLÓN PÉREZ.

En San Juan, Puerto Rico, a 13 de marzo de 2025.

Aunque estamos conformes con la determinación a la que hoy arriba este Tribunal, -- entiéndase, que en un procedimiento sumario laboral presentado al palio de la Ley Núm. 2-1961, *infra*, la defensa de falta de jurisdicción sobre la persona debe incluirse como parte de la única alegación responsiva que le permite la mencionada pieza legislativa al patrono querellado --, el proceder de una de las partes en el presente litigio, **ante una normativa de índole laboral en extremo clara**, nos mueve a realizar una breve reflexión. Veamos.

I.

Los hechos medulares que dan margen al presente litigio no están en controversia. En extrema síntesis, el Sr. Carlos Collazo Muñiz (en adelante, "señor Collazo Muñiz") presentó ante el Tribunal de Primera Instancia una *Querella* por despido injustificado en contra de su antiguo patrono, New Fashion World Corp. h/n/c Tiendas Aliss (en adelante, "ALISS"). Lo anterior, al amparo del procedimiento sumario laboral provisto por la Ley Núm. 2 de 17 de octubre de 1961, también conocida como la *Ley de procedimiento sumario de reclamaciones laborales*, 32 LPRA sec. 3118 *et seq.* (en adelante, "Ley Núm. 2-1961").

Posteriormente, y tal como lo exige nuestro ordenamiento jurídico, el 15 de septiembre de 2023 el señor Collazo Muñiz presentó ante el foro primario una *Moción acompañando emplazamientos diligenciados*, mediante la cual acreditó que éstos últimos habían sido diligenciados en la persona jurídica de ALISS. En respuesta a ello, **y en lo que se considera su primera comparecencia ante el Tribunal de Primera Instancia**, la referida corporación presentó una *Moción de desestimación* al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, en la que alegó que el mencionado emplazamiento no se había diligenciado conforme a derecho.

Enterado de lo anterior, el señor Collazo Muñiz presentó ante el foro primario una *Oposición a la moción de desestimación*. En dicho escrito, entre otros señalamientos,

éste sostuvo que ALISS no había presentado la alegación responsiva a su *Querella* dentro del término de diez (10) días que establece la Ley Núm. 2-1961, *supra*, por lo que solicitó que se denegara la *Moción de desestimación* presentada por la referida corporación, por ésta no considerarse una contestación adecuada, y se le impusieran a ALISS honorarios de abogado por temeridad.

Así las cosas, y luego de varios trámites procesales no necesarios aquí pormenorizar, el 20 de octubre de 2023 **el Tribunal de Primera Instancia notificó una *Resolución y Orden* mediante la cual determinó que, contrario a lo señalado por la corporación, en efecto, dicho foro sí adquirió jurisdicción sobre ALISS, por lo que le concedió a dicha parte un término perentorio de cinco (5) días para presentar su alegación responsiva, so pena de la anotación de rebeldía.** Inconforme con dicha determinación, el señor Collazo Muñiz acudió en un recurso de *Certiorari* ante el Tribunal de Apelaciones. A dicha solicitud, la referida corporación se opuso.

Evaluados los alegatos de ambas partes, el foro apelativo intermedio, oportunamente, emitió una *Sentencia* en virtud de la cual revocó el dictamen del foro primario.[1] **En esencia, el Tribunal de Apelaciones concluyó que procedía la anotación de rebeldía contra ALISS, por dicha parte no haber presentado su alegación responsiva o una solicitud de**

_____

[1] Panel Compuesto por los Jueces de Apelaciones Bermúdez Torres, Adames Soto y Aldebol Mora.

**prórroga dentro del término establecido para ello por la Ley Núm. 2-1961,** *supra*. En desacuerdo, la referida compañía acudió ante esta Curia.

II.

A.

Así las cosas, y como bien se señala en la *Opinión* que hoy emite este Tribunal, en el presente caso veníamos llamados y llamadas a reiterar el proceder que debe seguir el Tribunal de Primera Instancia cuando, -- en una querella que se tramita al amparo de la Ley Núm. 2-1961, *supra* --, el patrono querellado opta por presentar una moción de desestimación por falta de jurisdicción sobre la persona en virtud de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, en lugar de una alegación responsiva o una solicitud de prórroga, tal como lo exige la disposición legal que gobierna estos asuntos. Ese era, en esencia, el único asunto que se encontraba ante nuestra consideración en el caso de marras.

**Emprendida la tarea, reiteramos que, en escenarios como estos, es deber del patrono querellado presentar la defensa de falta de jurisdicción sobre la persona como parte de la única alegación responsiva que, -- en el proceso sumario que hoy nos ocupa --, puede realizar ante el foro primario. Es decir, no podrá hacerlo en un documento separado como suele hacerse en el proceso civil ordinario.**

Presentada la alegación responsiva, de proceder la defensa antes señalada, y conforme se recoge en la *Opinión* que hoy dicta este Alto Foro, el Tribunal de Primera Instancia

deberá desestimar la acción. Por el contrario, del foro primario determinar que tiene jurisdicción sobre la persona, deberá proceder a atender, a la brevedad posible, la reclamación instada por el obrero u obrera en sus méritos.

La importancia de que el patrono querellado presente la defensa de falta de jurisdicción como parte de su alegación responsiva, según se deriva de la *Opinión* que hoy emite este Tribunal, radica, pues, en que, de ésta no proceder, el pleito sumario pueda continuar con la prontitud que requiere. Ello, toda vez que dicha parte, -- entiéndase el patrono querellado --, ya habrá presentado ante el Tribunal de Primera Instancia sus planteamientos respecto a los méritos de la reclamación, salvando así la naturaleza sumaria de este tipo de litigio.

B.

**La determinación a la que hoy llega este Alto Foro, reiteramos, no debe sorprendernos.** Lo anterior así, puesto que, la Sección 3 de la Ley Núm. 2-1961, *supra*, no admite, -- ya fuese, en el pasado, en el presente o en el futuro --, interpretación distinta.

En específico, la Sección 3 de la Ley Núm. 2-1961, *infra*, dispone, claramente y sin ambages, que:

> El secretario del tribunal notificará a la parte querellada con copia de la querella, apercibiéndole que deberá radicar su contestación por escrito, con constancia de haber servido copia de la misma al abogado de la parte querellante o a ésta si hubiere comparecido por derecho propio, dentro de diez (10) días después de la notificación, si ésta se hiciere en el distrito judicial en que se promueve la acción, y dentro de quince (15) días en los demás casos, y apercibiéndole, además, que si así no lo hiciere, se dictará sentencia en su contra,

concediendo el remedio solicitado, sin más citarle ni oírle. […]

**El querellado deberá hacer una sola *alegación responsiva* en la cual deberá incluir todas sus *defensas y objeciones*,** entendiéndose que renuncia a todas las defensas u objeciones que no incluya en dicha alegación responsiva. (Énfasis suplido). 32 LPRA sec. 3120.

Como se puede apreciar, de la precitada disposición legal son dos (2) regulaciones las que claramente, y en lo pertinente, se desprenden. Primero, que el patrono querellado en este tipo de procedimiento sumario laboral, como regla general, tiene tan solo diez (10) días para presentar su contestación a la querella. Si así no lo hace, se dictará sentencia en su contra sin más.

**Segundo, la Sección 3 de la Ley Núm. 2-1961, *supra*, describe, de forma clara, la naturaleza y contenido de la única alegación responsiva a la querella que se permite. Además, enmarca la consecuencia de incumplir con el requisito de contenido allí esbozado.**

En cuanto a la naturaleza de la contestación, como hemos podido observar, la ley aquí bajo estudio requiere que la misma se haga en un solo escrito, en el cual se incluyan todas las defensas y objeciones que la parte que presenta la misma entienda pertinentes. No se excluye de éstas, claro está, la defensa de falta de jurisdicción sobre la persona.

En fin, la Sección 3 de la Ley Núm. 2-1961, *supra*, únicamente permite que el patrono pueda contestar la querella, -- dentro de los términos establecidos en el estatuto --, mediante: (1) una alegación responsiva en la

cual incluya todas sus defensas y objeciones, incluyendo la defensa de falta de jurisdicción; o (2) una moción de prórroga. En otras palabras, dentro del término provisto, el patrono tiene que presentar alguno de estos dos escritos, y no otro. Esta interpretación es cónsona con el texto del estatuto.

**Empero, -- y por entender que las leyes no operan en el vacío --, es importante señalar que dicha interpretación también está en armonía con el propósito de nuestra Asamblea Legislativa de "abreviar el procedimiento de forma que sea lo menos oneroso posible para el obrero".** *Lucero v. San Juan Star*, 159 DPR 494, 504 (2003). **Es decir, con el propósito de facilitar la rapidez o celeridad de la resolución de estas reclamaciones.** *Dávila, Rivera v. Antilles Shipping, Inc.*, 147 DPR 483, 492 (1999). **De igual forma, la interpretación es compatible con el principio de que las leyes laborales deben interpretarse liberalmente a favor de la o el trabajador.** Véase, *Vizcarrondo Morales v. MVM, Inc.*, 174 DPR 921, 928 (2008).

III.

Establecido lo anterior, en el presente caso, y según adelantamos, ALISS, en efecto, reaccionó a tiempo a la *Querella* instada en su contra por el señor Collazo Muñiz, pero lo hizo mediante el vehículo procesal incorrecto. En específico, la referida corporación, -- **ante un estado de derecho que deslumbra por su claridad --**, optó por presentar ante el foro primario una moción de desestimación, ajena a la

naturaleza de un procedimiento sumario laboral presentado al palio de la Ley Núm. 2-1961, *supra*, en lugar de una alegación responsiva. Tal proceder, como hemos señalado, es incompatible con la Ley Núm. 2-1961, *supra*, y, como correctamente hoy se resuelve, no tiene cabida en nuestro ordenamiento jurídico. La referida corporación erró y por su error no podía pagar el señor Collazo Muñiz.

IV.

**Si bien estamos conforme con la decisión que hoy toma este Tribunal, no deja de preocuparnos que, en escenarios como los aquí bajo estudio, donde la normativa que gobierna los asuntos en controversia es una en extremo clara, el patrono insista en hacerse valer de esas ya tan rechazadas tácticas dilatorias en el litigio, las cuales no solo desnaturalizan el proceso sumario laboral contemplado en la Ley Núm. 2-1961, *supra*, sino que también imponen una carga innecesaria al obrero, el cual, -- ante el reclamo del patrono --, está en la obligación de defenderse en una instancia donde, a todas luces, no tenía que hacerlo. Ello, como mínimo, nos resulta opresivo. He ahí el porqué de esta breve reflexión.**

Ángel Colón Pérez<br>Juez Asociado