ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL V

| ENCORE GLOBAL SOLUTIONS, LLC: JOHN DOE; ASEGURADORAS A, B, C; COMPAÑIAS X, Y, Z<br><br>Peticionaria<br><br>v.<br><br>ANGÉLICA BONILLA CARMONA<br><br>Recurrida | **TA2025CE00808** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Carolina<br><br>Civil Núm.: CA2024CV00024 (401)<br><br>Sobre: Art. 1802 Código Civil 1930 (derogado); Ley Núm. 80 de 30 de mayo de 1976, según enmendada; Ley Núm. 44 de 22 de julio de 1985, según enmendada; Ley Núm.115 de 120 de diciembre de 1991, según enmendada; Ley Núm. 100 de 30 de junio de 1959, según enmendada; Ley Núm. 2 de 17 de octubre de 1961, según enmendada (Convertido a Procedimiento Ordinario) |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Bonilla Ortiz, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico a 13 de enero de 2026.

Comparece ante este foro Encore Global Solutions, LLC. (Encore o parte peticionaria) y nos solicita que revisemos la *Resolución* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de Carolina, el 17 de septiembre de 2025. En virtud de esta, el foro primario declaró No Ha Lugar la solicitud de relevo de sentencia instada por la parte peticionaria, por carecer la facultad de dejar sin

efecto una *Sentencia* emitida por el Tribunal de Apelaciones.

Por los fundamentos que se exponen a continuación, denegamos expedir el *certiorari* de epígrafe.

I.

El 7 de enero de 2024, Angélica Bonilla Carmona (señora Bonilla o parte recurrida) instó una *Demanda* sobre Discrimen Contra Impedidos; Represalias; Despido Injustificado; Discrimen; y Daños y Perjuicios contra Encore.[1] En esencia, alegó que, durante su empleo con Encore, solicitó un acomodo razonable debido a que padece de un impedimento físico que limita el uso de sus manos. No obstante, señaló que la parte peticionaria le concedió un acomodo razonable que no cumplía con lo requerido, a pesar de existir alternativas disponibles. Además, sostuvo que fue despedida sin justa causa en represalia por haber solicitado acomodo razonable. Señaló que también fue víctima de represalia luego de reportar unos actos de acoso de los que era víctima y denunciar unas prácticas cuestionables de la empresa. Por todo lo anteriormente expuesto, solicitó una suma no menor de setenta y cinco mil dólares ($75,000.00) por todos los daños ocasionados, así como una cantidad adicional por concepto de intereses, costas, gastos y honorarios de abogados.

Posteriormente, el 7 de mayo de 2024, Encore compareció, sin someterse a la jurisdicción del foro primario, mediante una *Comparecencia Especial en*

---

[1] *Demanda*, entrada núm. 1 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

*Contestación a "Demanda".*[2] En esencia, negó la mayoría de las alegaciones en su contra y levantó varias defensas afirmativas. Indicó que despidió a la señora Bonilla por justa causa por violentar gravemente las normas y políticas corporativas. Asimismo, como parte de sus defensas afirmativas, planteó falta de jurisdicción sobre la materia, falta de jurisdicción sobre la persona, y la insuficiencia del diligenciamiento del emplazamiento. Ante ello, solicitó que se desestimara con perjuicio la *Demanda* instada por la parte recurrida.

Luego de varios tramites procesales innecesarios pormenorizar, el 26 de agosto de 2024, el foro primario emitió y notificó una *Sentencia*.[3] Mediante esta, dispuso que el emplazamiento expedido y notificado a Encore era defectuoso e insuficiente, toda vez que el término notificado para contestar la *Demanda*, así como el número de sala en el que se informó se ventilaba el proceso, era errado. Explicó que dichos errores constituían una crasa insuficiencia del emplazamiento diligenciado a Encore y una violación al debido proceso de ley de dicha parte. Ante ello, el foro primario determinó que carecía de jurisdicción sobre la persona de Encore por insuficiencia del emplazamiento. Además, dispuso que, ante la falta de jurisdicción sobre la parte peticionaria, cualquier pronunciamiento sería nulo en derecho, por lo que no atendió las controversias restantes. Por lo anteriormente expuesto, desestimó con perjuicio y archivó la causa de acción contra Encore.

---

[2] *Comparecencia Especial en Contestación a "Demanda"*, entrada núm. 6 en SUMAC.
[3] *Sentencia*, entrada núm. 24 en SUMAC.

Inconforme, el 5 de septiembre de 2024, la parte peticionaria acudió ante esta Curia, mediante un recurso de *certiorari* en el alfanumérico KLCE202400957.[4]  En este, planteó que el foro primario incidió al desestimar la *Demanda* por falta de jurisdicción por deficiencias en el emplazamiento.  Sobre este recurso, el 31 de octubre de 2024, notificada el 6 de noviembre de 2024, emitimos una *Sentencia* mediante la cual acogimos el recurso como apelación y revocamos la *Sentencia* emitida por el foro primario.  En lo pertinente, dispusimos que, a pesar de que Encore alegó no haberse sometido voluntariamente a la jurisdicción del foro primario, su participación en el pleito fue una constante y activa.  Por ello, concluimos que Encore realizó actos sustanciales mediante los cuales se sometió tácitamente a la jurisdicción del foro primario que suplieron cualquier omisión o error en el emplazamiento expedido.  Por lo anterior, concluimos que erró el foro primario al determinar que carecía de jurisdicción sobre Encore y desestimar con perjuicio el caso de autos.  En consecuencia, se devolvió el caso al Tribunal de Primera Instancia para que continuara con los procedimientos.

Insatisfecho, el 26 de noviembre de 2024, Encore acudió ante el Tribunal Supremo de Puerto Rico mediante una petición de *certiorari*.[5]  El 24 de enero de 2025, Nuestro más Alto Foro emitió una *Resolución* mediante la cual denegó la expedición del auto.[6]

Posteriormente, el 25 de abril de 2025, Encore presentó ante el Tribunal de Primera Instancia un *Relevo de Sentencia al Amparo de la Regla de Procedimiento Civil*

---

[4] *Petición de Certiorari*, entrada núm. 26 en SUMAC.
[5] *Petición de Certiorari*, entrada núm. 35, anejo núm. 1 en SUMAC.
[6] *Resolución*, entrada núm. 37 en SUMAC.

*49.2.*[7] En esencia, alegó que, a tenor con la decisión emitida por el Tribunal Supremo de Puerto Rico en *Carlos Collazo Muñiz v. New Fashion World Corporation h/n/c Aliss y otros*, 2025 TSPR 22 (2025), un patrono que responde a tiempo bajo el procedimiento sumario laboral e incluye la defensa de falta de jurisdicción, no se somete automáticamente a la jurisdicción del tribunal. Ante ello, solicitó que se tomara conocimiento del nuevo estado de derecho pronunciado en el caso *Carlos Collazo Muñiz v. New Fashion World Corporation h/n/c Aliss y otros*, *supra*, y lo relevara del mandato contenido en la *Sentencia* del Tribunal de Apelaciones, conforme lo permite la Regla 49.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R.49.2.

En respuesta, el 17 de septiembre de 2025, notificada el mismo día, el foro primario emitió la *Resolución* de la que se recurre.[8] Mediante esta, el Tribunal de Primera Instancia declaró No Ha Lugar al *Relevo de Sentencia al Amparo de la Regla de Procedimiento Civil 49.2,* presentado por la parte peticionaria. Dispuso que, al momento en el que el Tribunal de Apelaciones emitió su *Sentencia*, no se había publicado la opinión emitida por el Tribunal Supremo de Puerto Rico en el caso *Carlos Collazo Muñiz v. New Fashion World Corporation h/n/c Aliss y otros*, *supra*. Señaló que la parte peticionaria tuvo la oportunidad de acudir al Tribunal Supremo para revisar la *Sentencia* emitida por el Tribunal de Apelaciones. No obstante, indicó que el Tribunal Supremo denegó expedir la petición de *certiorari*, por lo que la *Sentencia* del

---

[7] *Relevo de Sentencia al Amparo de la Regla de Procedimiento Civil 49.2*, entrada núm. 46 en SUMAC.
[8] *Resolución*, entrada núm. 53 en SUMAC.

Tribunal de Apelaciones es final y firme y constituye la ley del caso. Ante ello, determinó que no tenía la facultad para dejar sin efecto una sentencia emitida por el Tribunal de Apelaciones. Asimismo, expresó que las condiciones enumeradas en la Regla 49.2 de Procedimiento Civil, *supra*, no pueden plantearse con el objetivo de dejar sin efecto una sentencia de un foro de mayor jerarquía.

En desacuerdo, el 2 de octubre de 2025, la parte peticionaria presentó una *Solicitud de Reconsideración*.[9] En esta, alegó que, a tenor con la Regla 49.2 de Procedimiento Civil, *supra*, cuando se solicita un remedio que entra en conflicto con un mandato del foro apelativo, dicha solicitud debe presentarse ante el foro apelado. Adujo que corresponde al foro apelado determinar, en primera instancia, si estaría dispuesto a conceder el remedio solicitado. Por ello, sostuvo que el foro primario erró al denegar la solicitud bajo el argumento de que carecía de facultad y competencia para emitir un relevo de una sentencia del apelativo. Arguyó que le correspondía al foro primario evaluar si estaba dispuesto a conceder el relevo para, posteriormente, solicitar el permiso del foro apelativo. Ante ello, solicitó del foro primario que emitiera una determinación mediante la cual estableciera que estaría dispuesto a conceder el relevo solicitado para, posteriormente, acudir ante el Tribunal de Apelaciones.

Posteriormente, el 23 de octubre de 2025, el foro primario emitió una *Orden* mediante la cual declaró No Ha

---

[9] *Solicitud de Reconsideración*, entrada núm. 54 en SUMAC.

Lugar la *Solicitud de Reconsideración* presentada por la parte peticionaria.[10]

Inconforme, el 24 de noviembre de 2025, Encore acude ante nos mediante el presente auto de *certiorari* y señaló la comisión del siguiente error:

> Erró y abusó de su discreción el Tribunal de Primera Instancia al denegar la Solicitud de Relevo de Sentencia de Encore, bajo el fundamento de que carece de facultad y competencia para dejar sin efecto la sentencia emitida por el Tribunal de Apelaciones, a pesar de que la Regla 49.2 Procedimiento Civil le faculta para determinar si estaría dispuesto a conceder el remedio y solicitarle el referido permiso al TA.

Por su parte, el 11 de diciembre de 2025, Encore presentó un escrito titulado *Moción para dar por Sometido Sin Oposición*.[11] Adujo que, debido a que la parte recurrida no compareció a presentarnos su postura en el término concedido, procede dar por sometido el recurso. Vencido el término para oponerse al presente recurso procederemos sin el beneficio del escrito de la parte recurrida. Consecuentemente, declaramos perfeccionado el recurso y procedemos a resolverlo.

**II.**

**A.**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de superior jerarquía puede revisar, a su discreción, una decisión interlocutoria de un tribunal inferior. *Caribbean Orthopedics v. Medshape et*

---

[10] *Orden*, entrada núm. 57 en SUMAC.
[11] *Moción para dar por Sometido Sin Oposición,* entrada núm. 3 en SUMAC TA.

*al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).

Ante un recurso de *certiorari*, tenemos que evaluar nuestra autoridad para expedir el mismo al amparo de la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V., R. 52.1. *Caribbean Orthopedics v. Medshape et al.,* supra.; *Scotiabank v. ZAF Corp.,* 202 DPR 478, 486 (2019). Dispone que, el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente se expedirá por el Tribunal de Apelaciones cuando se recurra de una orden o resolución bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57, o de la denegatoria de una moción de carácter dispositivo.

No obstante, el foro apelativo podrá expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia. Según dispuesto en la Regla 52.1, *supra*, al denegar la expedición de un recurso de *certiorari*, el Tribunal de Apelaciones no tiene que fundamentar su decisión. *Íd.*

Superado dicho análisis, y aun cuando un asunto esté comprendido dentro de las materias que podemos revisar de conformidad con la Regla 52.1, *supra*, para

poder ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios enumerados en la Regla 40 a Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, págs. 68-69, 215 DPR ___ (2025) se justifica nuestra intervención. Estos criterios son:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

> F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

En fin, la Regla 52.1 de Procedimiento Civil, *supra*, enumera en forma taxativa aquellas instancias en las cuales el Tribunal de Apelaciones no

acogerá una petición de *certiorari*, mientras que la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, guía la discreción de este foro en aquellos asuntos en los que sí se permite entender, pero en los que los jueces ejercerán su discreción. *Torres González v. Zaragosa Meléndez*, 211 DPR 821, 849 (2023).

Lo anterior impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado para que continúen sin mayor dilación los procedimientos del caso ante el foro primario.

**B.**

En ocasión a que una parte estime que, incorrectamente, se ha emitido una sentencia en su contra que ya es final y firme, esta puede solicitar que se decrete su nulidad, ello en un pleito independiente, o que se suprima su oponibilidad, en la misma causa de acción, al amparo de lo establecido en la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2. Dicha disposición establece el mecanismo procesal disponible para solicitar al foro de instancia el relevo de los efectos de una sentencia, orden o procedimiento, por las razones siguientes:

> (a) un error, inadvertencia, sorpresa o negligencia excusable;
> (b) descubrimiento de evidencia esencial que no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio;

(c) fraude, falsa representación u otra
conducta impropia de una parte adversa;
    (d) nulidad de sentencia;
(e) la sentencia ha sido satisfecha,
renunciada o se ha cumplido con ella, o
la sentencia anterior en que se fundaba
ha sido revocada o de otro modo dejada
sin efecto, o no sería equitativo que la
sentencia continuara en vigor, o
(f) cualquier otra razón que justifique
la concesión de un remedio contra los
efectos de una sentencia.

Asimismo, dicha regla dispone que, una vez que el tribunal de apelación dicte sentencia, no podrá concederse ningún remedio bajo esta regla que sea incompatible con el mandato, a menos que se obtenga previamente permiso para ello del tribunal de apelación. Regla 49.2 de Procedimiento Civil, *supra*. Si éste determina que estaría dispuesto a conceder el remedio, se acudirá entonces ante el tribunal de apelación para solicitar el referido permiso. *Íd*. Es decir, el tribunal apelativo deberá dar su anuencia con el único propósito de devolverle jurisdicción al Tribunal de Primera Instancia para que sea éste quien intervenga en el relevo solicitado, pues la propia regla establece que si está pendiente una revisión o ya el tribunal apelativo ha emitido la sentencia, la moción debe presentarse siempre ante el tribunal apelado, entiéndase, el tribunal de instancia. *De Jesus Vinas v. Gonzalez Lugo*, 170 DPR 499 (2007).

Ahora bien, Nuestro más Alto Foro ha establecido que la Regla 49.2 de Procedimiento Civil, *supra*, ve dirigida únicamente a las sentencias, órdenes o procedimientos del Tribunal de Primera Instancia. *Piazza v, Isla del Rio, Inc.*, 158 DPR 440 (2003). No se trata de una apelación o revisión. Se refiere únicamente

a algún procedimiento ante el foro de instancia de cuyos efectos la parte afectada interesa ser relevada. *Íd*. Además, relevar a una parte de los efectos de una sentencia, ello a tenor con los términos de la Regla 49.2 de Procedimiento Civil, *supra*, es una determinación discrecional, salvo en los casos de nulidad o cuando la sentencia ha sido satisfecha. *Náter v. Ramos,* 162 DPR 616, 642 (2004). Siendo ello así, nuestra intervención con lo resuelto queda sujeto a que medie abuso de discreción por parte del tribunal primario.

### III.

En el caso de autos, la parte peticionaria alega que el foro primario incidió al denegar la solicitud de relevo de sentencia, bajo el fundamento de que carece de facultad y competencia para dejar sin efecto la sentencia emitida por este foro.

Ahora bien, examinado el recurso de *certiorari*, a tenor con los criterios esbozados tanto en la Regla 52.1 de Procedimiento Civil, *supra*, y los de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, concluimos que este caso no amerita nuestra intervención. En este sentido, es norma reiterada que los foros revisores no intervendremos con las determinaciones de los tribunales revisados, a menos que estas sean contrarias a derecho o exista un abuso de discreción. A tales efectos, la parte peticionaria no demostró que el foro primario haya aplicado el derecho incorrectamente, abusado de su discreción o alguna otra

razón para justificar nuestra intervención. Por lo cual, procede denegar el recurso de *certiorari*.

**IV.**

Por los fundamentos antes expuestos, se **DENIEGA** el auto discrecional solicitado.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones