Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL (2025-66)

| | | |
|---|---|---|
| SALIL ASHOK ZAVERI<br><br>Demandante Apelante<br><br>v.<br><br>WYNDHAM CARIB, LLC;<br>TROON GOLF CORP.;<br>TROON PUERTO RICO, LLP<br>Y OTROS<br><br>Demandados Apelados | TA2025AP00349 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Núm. Caso:<br>FA2024CV00590<br>Sala 302<br><br>Sobre:<br>Daños y Perjuicios |

Panel especial integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 23 de enero de 2026.

Comparece el señor Salil Ashok Zaveri mediante recurso de apelación y solicita que revoquemos la *Sentencia Parcial* del Tribunal de Primera Instancia, Sala Superior de Fajardo, emitida el 30 de julio de 2025. En dicho dictamen, se desestimó con perjuicio la demanda contra Troon Puerto Rico, LLP por un segundo incumplimiento en emplazarlo. Por los fundamentos que expresaremos, confirmamos la *Sentencia Parcial* recurrida.

En síntesis, el 6 de mayo de 2022 el señor Zaveri demandó a Troon Puerto Rico, Troon Golf Corp. y Wyndham Carib, LLC, por estas haber creado una condición de peligrosidad al omitir tomar las medidas de seguridad necesarias para prevenir la presencia de perros realengos en el área del campo de golf. Luego de las partes desistir voluntariamente de esta demanda, el 7 de febrero de 2024, el apelante

nuevamente demandó a las partes apeladas, pero dicha demanda quedó desestimada sin perjuicio por falta de diligenciamiento y acreditación del emplazamiento de las partes demandadas. Finalmente, el 21 de junio de 2024, el señor Zaveri presentó una tercera demanda contra los apelados.

Con todo lo acontecido, el 24 de junio de 2024 el Tribunal recurrido expidió los emplazamientos para ser diligenciados a las corporaciones demandadas. En lo pertinente, el 13 de septiembre de 2024, el señor Josed Morales Colón, emplazador del apelante, consignó bajo juramento haber diligenciado los emplazamientos a Troon Puerto Rico por conducto del señor Gilberto Barrionuevo, identificado como el Director del "Club de Golf" ubicado en el Hotel Wyndham de Río Grande.

Luego de varios trámites procesales, el 2 de diciembre de 2024, Troon Puerto Rico solicitó la desestimación de la demanda en su contra, toda vez que el emplazamiento diligenciado fue insuficiente ya que el señor Barrionuevo no era empleado de la corporación y, en efecto, carecía de la autoridad jurídica para recibir el emplazamiento. Más aun, Troon Puerto Rico presentó el *Certificate of Authorization to do Business of a Foreign Partnership* de su corporación y en la cual se dispone como agente residente el Prentice-Hall Corporation System, Puerto Rico, Inc. Ante este argumento y sus oposiciones correspondientes, el 13 de febrero de 2025, el Tribunal apelado emitió una *Sentencia Parcial* para desestimar la causa de acción contra Troon Puerto Rico por insuficiencia en el diligenciamiento de los emplazamientos.

Posterior al Tribunal de Primera Instancia resolver sin lugar a la solicitud de reconsideración del apelante, el señor Zaveri acudió ante el Tribunal de Apelaciones en el caso KLAN202500259. Evaluado el expediente, nuestro Tribunal revocó la *Sentencia Parcial* y determinó que era necesario la celebración de una vista evidenciaria, toda vez que había una ausencia de prueba fehaciente que acreditara la alegación de Troon Puerto Rico de que el señor Barrionuevo no era empleado de la corporación.

Dicha vista evidenciaria se celebró el 23 de julio de 2025 y al cual solamente acudió como testigo el señor Morales Colón. Sin haberse presentado alguna evidencia adicional pertinente que acreditara la relación de empleo o la falta de la misma del señor Barrionuevo con Troon Puerto Rico, el Tribunal de Primera Instancia emitió una *Sentencia Parcial* y desestimó con perjuicio la demanda contra Troon Puerto Rico por el incumplimiento con la Regla 4.3 de Procedimiento Civil de 2009 (32 LPRA Ap. V).

Insatisfecho, el apelante recurre ante este Tribunal y alega que el Tribunal de Primera Instancia erró al (1) desestimar la demanda contra Troon Puerto Rico por insuficiencia en el diligenciamiento del emplazamiento; y (2) invertir indebidamente el peso de la prueba en la vista evidenciaria, imputando al demandante la responsabilidad de probar la defensa afirmativa de Troon Puerto Rico sobre la suficiencia del emplazamiento. Presentada la oposición de la parte apelada, resolvemos.

En lo atinente a la controversia ante nos, unos de los fundamentos para solicitar la desestimación de una demanda es que no existe jurisdicción sobre la persona. Regla 10.2 de Procedimiento Civil,

*supra*. Dicha jurisdicción es la facultad del Tribunal para emitir una decisión obligatoria para las partes y así declarar sus respectivos derechos y obligaciones. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689 (2012) (citando a R. Hernández Colón, *Práctica jurídica de Puerto Rico: Derecho Procesal Civil*, 5.ª ed., San Juan, Ed. LexisNexis, 2010, pág. 40); J.A. Echevarría Vargas, *Procedimiento Civil puertorriqueño*, San Juan, [s. Ed.], 2010, pág. 25). A esos efectos, la parte demandada deberá presentar la defensa de falta de jurisdicción sobre la persona previo a su alegación responsiva. *Collazo Muñiz v. New Fashion World Corporation*, 2025 TSPR 22, 215 DPR ___ (2025); *Cirino González v. Adm. Corrección et al.*, 190 DPR 14 (2014) (citando a Hernández Colón, *op. cit.*, págs. 221-222). Ante esto, le corresponde a la parte que alega la jurisdicción probarla y el tribunal de balancear la necesidad de determinar la suficiencia de la defensa con prontitud contra la deseabilidad de que se celebre una vista evidenciaria para así determinar si existe o no jurisdicción sobre la persona. *Molina Avilés v. Supermercado Amigo, Inc.*, 119 DPR 330 (1987). Véase, también, *Trans-Oceanic Life Ins. v. Oracle Corp.*, *supra*. Del Tribunal determinar que no existe jurisdicción sobre la persona, deberá desestimar la acción. *Molina Avilés v. Supermercado Amigo, Inc.*, *supra*.

Ahora bien, un tribunal solo tendrá jurisdicción sobre una persona si esta fue debidamente emplazada, de conformidad con el derecho constitucional del debido proceso de ley. *SLG Rivera-Pérez v. SLG Díaz-Doe et al.*, 207 DPR 636 (2021) (citando a *Bernier González v. Rodríguez Becerra*, 200 DPR 637 (2018); *Torres Zayas v. Montano Gómez et al.*, 199 DPR 458 (2017); *Quiñones Román v. Cía. ABC*, 152

DPR 367 (2000); *First Bank of P.R. v. Inmob. Nac., Inc.*, 144 DPR 901 (1998) (*Per Curiam*)). De esta manera, el demandado podrá comparecer ante el foro primario, ejercer su derecho a ser oído y defenderse. *Bernier González v. Rodríguez Becerra*, *supra* (citando a *Banco Popular v. SLG Negrón*, 164 DPR 855 (2005)). De no ser emplazado conforme a ley, el foro primario deberá declarar su falta de jurisdicción y desestimar la reclamación sin entrar en sus méritos. *Peña Lacern v. Martínez Hernández et al.*, 210 DPR 425 (2022) (citando a *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254 (2018)). En otro sentido, si un tribunal decreta una sentencia sin el demandado haber sido correctamente emplazado conforme a ley, tal dictamen será nulo. *Álvarez v. Arias*, 156 DPR 352 (2002) (citando a *Acosta v. ABC, Inc.*, 142 DPR 927 (1997)).

A esos efectos, los emplazamientos personales deberán diligenciarse en el término de ciento veinte (120) días a partir de la presentación de la demanda, mediante la entrega física de la copia de la demanda a la parte demandada o haciéndolas accesibles en su inmediata presencia. Reglas 4.3 y 4.4 de Procedimiento Civil, *supra*. Asimismo, de querer emplazarse a una corporación o compañía, el emplazador entregará una copia del emplazamiento y de la demanda a un oficial, director o agente inscrito de dicha corporación en el Estado Libre Asociado, o dejándola en el domicilio o residencia habitual de cualquier oficial, director o agente inscrito, o en la oficina designada u otra sede de negocios de la entidad jurídica. Íd.; Arts. 12.01 y 13.11 de la Ley Núm. 164-2009 (14 LPRA sec. 3781, 3811). De ser una corporación foránea, también se podrá emplazar por correo registrado o certificado con acuse de recibo, dirigido al secretario de la corporación foránea en

su oficina designada. Art. 13.11 de la Ley Núm. 164-2009, *supra*. En caso de no lograrse emplazar a la corporación foránea según antes descrito, se podrá emplazar mediante el Secretario de Estado. Íd.

En el presente caso, el Tribunal de Primera Instancia actuó correctamente al desestimar la demanda contra Troon Puerto Rico. Del expediente se desprende que el señor Zaveri tuvo amplia oportunidad para solicitar el descubrimiento de prueba o concretamente la comparecencia del señor Barrionuevo como testigo, todo a fin de evidenciar que éste último era empleado de la corporación y, en efecto, tenía autorización para recibir emplazamientos. Dicha oportunidad no fue utilizada y, a pesar del argumento del apelante de que *Molina Avilés v. Supermercado Amigo, Inc.*, *supra*, trata de emplazamientos de no residentes y, por tanto, el peso de la prueba no recaía sobre el señor Zaveri, la realidad es que ninguna de las partes presentó evidencia fehaciente de la cual se desprenda las circunstancias de empleo del señor Barrionuevo. Por tanto, el apelante falló en diligenciar el emplazamiento correspondiente según requerido por ley y, en consecuencia, corresponde desestimar con perjuicio la demanda contra Troon Puerto Rico.

Por los fundamentos expresados, confirmamos la *Sentencia Parcial* recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones