| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL XI | | |
|---|---|---|
| SECRETARIO DEL DEPARTAMENTO DEL TRABAJO, ET ALS<br><br>Recurrido<br><br>v.<br><br>TRIPLE-S MANAGEMENT, CORP.<br><br>Peticionario | KLCE202500319 | *CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Vega Baja<br><br>Civil Núm.: VB2024CV00329 (201)<br><br>Sobre: Despido Injustificado (Ley 80) Procedimiento Sumario, Ley Núm. 2 |

Panel integrado por su presidenta, la Juez Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm.

Álvarez Esnard, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 21 de mayo de 2025.

Comparece Triple-S Management Corp. ("Triple-S Management", "parte peticionaria" o "parte querellada") mediante *Recurso de Certiorari*. Nos solicita la revocación de la *Resolución* emitida el 19 de marzo de 2023, notificada al día siguiente, por el Tribunal de Primera Instancia, Sala Superior de Vega Baja ("foro primario" o "foro *a quo*"). Por virtud de la misma, el foro primario declaró *No Ha Lugar* la solicitud de desestimación por falta de parte indispensable y prescripción presentada por la parte peticionaria. Consecuentemente ordenó la continuación de los procedimientos de la reclamación instada al amparo de la Ley de Procedimiento Sumario de Reclamaciones Laborales, Ley Núm. 2 de 17 de octubre de 1961, 32 LPRA sec. 3118, según enmendada ("Ley Núm. 2" o "Ley de Reclamaciones Laborales").

Por los fundamentos que expondremos a continuación, **denegamos** la expedición del auto de *certiorari*.

**I.**

El 14 de mayo de 2024, el señor Nelson Avilés Cardona ("señor Avilés Cardona", "Recurrido" o "Querellante"), por conducto del Departamento de Trabajo y Recursos Humanos ("Departamento de Trabajo"), radicó una *Querella* en contra de Triple-S Management al amparo de la Ley Núm. 2, *supra.*[1] En síntesis, alegó que prestó sus servicios a la parte querellada desde el 1 de agosto de 2021 en virtud de un contrato sin tiempo determinado. Aseveró que su despido aconteció el 22 de junio de 2025 sin justa causa a tenor con la Ley Sobre Despido Injustificado, Ley Núm. 80 de 30 de mayo de 1976, 29 LPRA sec. 185a, según enmendada. Adujo al respecto que Triple-S Management se ha negado a satisfacer la suma de $16,153.85 en concepto del periodo en que prestó sus servicios, pese a las múltiples gestiones efectuadas a esos fines. Arguyó, además, que remitió a la parte peticionaria tres cartas por concepto de cobro de dinero fechadas el 6 de diciembre de 2023, el 11 de enero de 2024 y el 25 de marzo de 2024.

En respuesta, el 27 de mayo de 2024, Triple-S Management presentó sin someterse a la jurisdicción un escrito intitulado *Comparecencia Especial en Solicitud de Desestimación* y autorización de representación legal.[2] Entre otros extremos, sostuvo que las alegaciones contenidas en la reclamación no están dirigidas a la parte querellada, pues no fue quien despidió al señor Avilés Cardona. Por tanto, solicitó el archivo de la *Querella* instada en su contra.

Evaluada su solicitud, el foro *a quo* emitió *Orden* el 28 de mayo de 2024, en la cual declaró *Ha Lugar* la representación legal, y a su vez, concedió noventa (90) días para culminar el

---

[1] Véase, Apéndice del Recurso, págs. 11-19.
[2] *Íd.,* págs. 20-24.

descubrimiento de prueba.[3] Pendiente de adjudicación la moción desestimatoria, el foro primario, a solicitud de la parte querellante, el 3 de junio de 2024, dictó *Orden* en la que pautó el señalamiento de la conferencia con antelación a juicio para el 4 de octubre de 2024:

> SE SEÑALA CONFERENCIA CON ANTELACION A JUICIO PARA EL 4 DE OCTUBRE DE 2024, A LAS 9:00 AM DE MANERA PRESENCIAL. EL INFORME TIENE CUMPLIR CON LA REGLA 37 DE PROCEDIMIENTO CIVIL. SE ADVIERTE QUE SU INCUMPLIMIENTO CONLLEVARÁ LA IMPOSICION DE SANCIONES ECONÓMICAS Y LA POSIBLE SUSPENSION DE VISTA. DE ESTE TRIBUNAL TENER QUE RESEÑALAR LA CONFERENCIA POR INCUMPLIENTO DE LAS PARTES CON LA REGLA 37, SE ORDENARÁ A LAS REPRESENTACIONES LEGALES CANCELAR EL ARANCEL DE SUSPENSION DE VISTA.[4]

Nuevamente, el 25 de junio de 2024, Triple-S Management sometió una *Comparecencia Especial en Solicitud de Desestimación* acompañada de una *Certificación Bajo Juramento* suscritas ante sede notarial.[5] Reiteró, sin someterse a la jurisdicción, que procede la desestimación del caso, pues nunca fungió como patrono del querellante. Por tanto, argumentó que la reclamación no amerita la concesión de un remedio.

Ante tales señalamientos, el 26 de junio de 2024, el foro primario decretó mediante *Orden*, que el Querellante se expresara dentro del término veinte (20) días.[6] Así las cosas, el 10 de julio de 2024, el Querellante, representado por el Departamento del Trabajo, presentó *Moción en Oposición a Solicitud de Desestimación* a la cual anejó una serie de documentos, entre estos, una carta de despido.[7] La aludida misiva —entregada  en un sobre, cuyo remitente se identifica como Triple-S Management—[8] lee de la siguiente manera:

22 de junio de 2023

---

[3] *Íd.,* pág. 25.
[4] *Íd.,* pág. 30.
[5] *Íd.*, págs. 31-43.
[6] *Íd.,* pág. 44.
[7] *Íd.,* págs. 45-54.
[8] *Íd.,* pág. 48.

Nelson Avilés Cardona

*Medicare Authorized Representative*

Triple-S Salud

Estimado señor Avilés:

Le notificamos formalmente que la Compañía ha decidido prescindir de sus servicios, como *Medicare Authorized Representative*, efectivo hoy, 22 de junio de 2023.

[...]

Cordialmente;

[...]

Lisa Rivera Otero
Sales Manager[9]

Detalló en alusión a esta carta que Triple-S Management, según aparece en el internet, es la corporación matriz que recluta y administra los recursos humanos para las compañías subsidiarias tales como Triple-S Salud, Triple-S Advantage, Triple-S Vida y otras. En vista de lo anterior, solicitó que se tomara conocimiento al respecto y se declarara *No Ha Lugar* la solicitud de desestimación.

En desacuerdo, el 11 de julio de 2024, Triple-S presentó una *Comparecencia Especial en Réplica a "Moción en Oposición a Solicitud de Desestimación"* en la que argumentó que el simple hecho de que la compañía matriz brinde servicios de recursos humanos a una entidad subsidiaria no le convierte en patrono.[10] Puntualizó, además, que la parte querellante no presentó prueba para refutar adecuadamente la defensa afirmativa de que las alegaciones no son suficientes.

En consideración a este escrito, ese día, el foro primario emitió *Orden*, notificada el 15 de julio de 2024, en la que no se aceptarían más escritos relacionados a menos que así se autorice.[11] Dispuso, a su vez, que el incumplimiento conllevaría sanciones económicas a las representaciones legales de las partes.

---

[9] *Íd.,* pág. 47.
[10] *Íd.,* págs. 55-58.
[11] *Íd.,* pág. 59.

Luego de una serie de trámites procesales, el 17 de enero de 2025, el foro primario emitió *Resolución*, notificada el 21 de enero de 2025, en la que declaró *No Ha Lugar* la solicitud de desestimación presentada por Triple-S Management.[12] En esencia, resolvió que las alegaciones de la *Querella* son suficientemente específicas, si se toman como ciertas, para justificar la concesión de un remedio. A su vez, concluyó que las alegaciones y los daños aducidos podrán establecerse en la celebración del juicio.

Continuados los procedimientos judiciales, el 24 de enero de 2025, el Querellante presentó una *Moción Se Señale Conferencia Sobre el Estado de los Procedimientos* a los fines de auscultar la posibilidad de que las partes alcancen una transacción total o parcial del litigio y se establezcan los mecanismos de descubrimiento de prueba.[13]

No obstante, ese día, Triple-S Management presentó sin someterse a la jurisdicción una *Comparecencia Especial en Solicitud de Desestimación por Falta de Parte Indispensable y Prescripción.*[14] Reiteró que no despidió al señor Avilés Cardona, pues el verdadero patrono es Triple-S Salud, que, a su vez, es parte indispensable del pleito. En cuanto a esta otra entidad, señaló que la causa de acción prescribió el 22 de junio de 2024. Precisó que Triple-S Salud y Triple-S Management son corporaciones independientes con número de registro y propósito diferente de acuerdo con el Registro de Corporaciones y Entidades del Departamento de Estado. Evaluado su escrito, ese día, el foro *a quo* emitió *Orden*, notificada el 27 de enero de 2025, en la que concedió el término de veinte (20) días para expresarse en atención a esta solicitud desestimatoria.[15]

---

[12] *Íd.,* págs. 67-70.
[13] *Íd.,* págs. 71-72.
[14] *Íd.,* págs. 73-83.
[15] *Íd.,* pág. 85.

Nuevamente, el 19 de febrero de 2025, Triple-S Management presentó sin someterse a la jurisdicción *Comparecencia Especial para que Se Dé por Sometida, Sin Oposición, la Solicitud de Desestimación por Falta de Parte Indispensable y Prescripción.*[16] Informó que el término de veinte (20) días provisto para la parte querellante respondiera en torno a la desestimación venció el 18 de febrero de 2025. Solicitó en efecto que se declarara con lugar sin oposición la desestimación. En vista de ello, el 25 de febrero de 2025, el foro primario emitió *Orden,* notificada el 28 de febrero de 2025, en la cual concedió el término adicional de diez (10) días para expresarse en cuanto a la desestimación solicitada.[17]

En cumplimiento de tal decreto, el 6 de marzo de 2024, el Querellante por conducto del Departamento del Trabajo presentó su *Moción en Oposición a Solicitud de Desestimación.*[18] Reiteró que Triple-S Management, según aparece en internet, es la compañía matriz que recluta y administra los recursos humanos para las compañías subsidiarias, tales como Triple-S Salud, Triple-S Advantage, Triple S- Vida y otras. De hecho, indicó que la parte querellada continúa reclutando personal para la plaza que ocupaba el señor Avilés Cardona, de acuerdo con las constancias de su página de internet.  En vistas de ello, peticionó que se tomara conocimiento del particular y declarara *No Ha Lugar* la desestimación solicitada.

Evaluados los argumentos de las partes, el 19 de marzo de 2025, el foro primario dictó *Resolución,* notificada al día siguiente, que declaró *No Ha Lugar* la solicitud de desestimación de Triple-S Management.[19] En el referido dictamen emitió el siguiente pronunciamiento:

---

[16] *Íd.,* págs. 89-90.
[17] *Íd.,* pág. 91.
[18] *Íd.,* págs. 92-93.
[19] *Íd.,* págs. 2-10.

Debido a que, **en esta etapa de los procedimientos** el tribunal no está seguro de que Triple S-Salud sea una parte indispensable en el caso y porque, eventualmente, si una de las partes en el pleito entiende que dicha parte debe traerse a este pleito, el tribunal lo puede autorizar, no desestimamos la querella, por el fundamento de falta de parte indispensable.[20]

Respecto a la controversia de prescripción, dispuso que "[s]i, eventualmente, se resolviera que a quien debía traerse al pleito era a TSM, pues entonces la querella se presentó dentro del término que dispone el estado de Derecho vigente".[21] Consecuentemente, ordenó la continuación de los procedimientos.

Inconforme aún, el 28 de marzo de 2025, Triple-S Management recurrió ante este foro intermedio apelativo mediante un *Recurso de Certiorari*. En su escrito presentó los siguientes señalamientos de error:

Erró el Tribunal de Primera Instancia, Sala Superior de Vega Baja, al abusar de su discreción y no declarar Ha Lugar la *Comparecencia Especial en Solicitud de Desestimación por Falta de Parte Indispensable y Prescripción* de la Querellada, al:

A. No determinar que Triple-S Salud es parte indispensable en el pleito por despido injustificado al amparo de la Ley Núm. 80-1976, por haber sido el patrono, y quien despidió al Querellante.

B. Prejuzgar el caso y establecer que Triple-S Management debe ser parte en el pleito por despido injustificado al amparo de la Ley Núm. 80-1976, por ser la compañía matriz, y quién gestiona los recursos humanos de Triple-S Salud.

C. Al establecer que el término prescriptivo de un (1) año para instar acción de despido injustificado, establecido por la Ley Núm. 80-1976, empezó a contar en la fecha en la que la Querellada presentó *Contestación a Querella*, y no en la fecha del despido.

D. Al no seguir el estándar desestimatorio correcto establecido por la jurisprudencia del Tribunal Supremo, y tomar como ciertas nuevas alegaciones del Querellante, las cuales no fueron incluidas en su Querella.

Evaluado su recurso, el 31 de marzo de 2025, esta Curia emitió *Resolución* en la cual concedió el término de diez (10) para mostrar causa por la cual no debemos expedir el auto de *certiorari* y revocar la determinación judicial impugnada. El 21 de abril de 2025, el

---

[20] *Íd.,* pág. 9.
[21] *Íd.*

Recurrido compareció con su *Alegato de la parte Recurrida.* Con el beneficio de la comparecencia de las partes, procedemos a exponer la normativa jurídica aplicable al caso ante nuestra consideración.

**II.**

**A. *Recurso de certiorari en procedimientos sumarios de reclamaciones laborales***

Es norma reiterada que, el auto *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una determinación de un tribunal inferior. *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020). Véase, también, Artículo 670 del Código de Enjuiciamiento Civil de 1933, Ley de Recursos Extraordinarios, 32 LPRA sec. 3491, según enmendado. La característica distintiva de este recurso "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 209 (2023); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 338 (2012).

En aras de delimitar nuestro ejercicio discrecional, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece las instancias que activan nuestras facultades revisoras ante las resoluciones y las órdenes interlocutorias. Esta disposición particularmente circunscribe nuestras facultades a una serie de instancias, entre estas, **la denegatoria de una moción de carácter dispositivo.** No obstante, aunque que la precitada regla procesal permite revisar las determinaciones interlocutorias, "la expedición del auto y la adjudicación en sus méritos es discrecional". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008). Ello, pues, la discreción no opera en el vacío ni en ausencia de parámetros, al contrario, cuenta con los criterios del cuerpo

reglamentario apelativo para determinar si en un caso en particular procede que se expida el auto discrecional de *certiorari. BPPR v. SLG Gómez-López,* 213 DPR 314, 336 (2023); *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 596 (2011).

En armonía lo anterior, la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, instaura los criterios para la expedición de un auto de *certiorari,* a saber:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

€ Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

€ Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Estas consideraciones orientan la función del foro apelativo para ejercer sabiamente nuestra facultad discrecional. *Rivera et al. v. Arcos Dorados et al., supra,* pág. 209. A su vez, la precitada disposición reglamentaria permite que el análisis revisorio no se efectúe en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG, supra,* pág. 176.

En lo pertinente a la Ley de Procedimiento Sumario de Reclamaciones Laborales, Ley Núm. 2 de 17 de octubre de 1961, 32 LPRA sec. 3118, según enmendada, como regla general, "la parte que pretenda impugnar tales resoluciones interlocutorias deberá esperar hasta la sentencia final e instar contra ella el recurso pertinente a base del alegado error cometido". *Dávila, Rivera v. Antilles Shipping, Inc.*, 147 DPR 483, 497 (1999). Ahora

bien, esta norma admite ciertas excepciones. El Tribunal Supremo de Puerto Rico ha establecido de manera reiterada las instancias en que el foro apelativo puede ejercer sus facultades revisoras mediante *certiorari*:

> A estos efectos, a modo de excepción, concluimos que los tribunales apelativos deben mantener y ejercer su facultad para revisar mediante certiorari aquellas resoluciones interlocutorias dictadas en un procedimiento sumario tramitado según la Ley Núm. 2 en las siguientes instancias: (1) cuando el foro primario haya actuado sin jurisdicción; (2) en situaciones en las que la revisión inmediata dispone del caso por completo, y (3) cuando la revisión tenga el efecto de evitar una grave injusticia. *Díaz Santiago v. PUCPR et al.*, 207 DPR 339, 349 (2021); *Dávila, Rivera v. Antilles Shipping, Inc.*, *supra*, pág. 498. Véase, además, *Ortiz v. Holsum*, 190 DPR 511, 517 (2014).

De esta manera, evitamos que se desvirtúe la naturaleza sumaria del trámite y fomentamos la intención del legislador en propiciar la rápida disposición de las reclamaciones laborales. *Collazo Muñiz v. New Fashion World Corporation y otros*, 2025 TSPR 22; 215 DPR __ (2025).

**III.**

En el recurso presente, Triple-S Management nos invita a revocar la *Resolución* que declaró *No Ha Lugar* su solicitud de desestimación. Contiende que nunca fue patrono del señor Avilés Cardona. Arguye, a su vez, que prescribió la causa de acción respecto al verdadero patrono, es decir, Triple-S Salud. Por tanto, argumenta que permitir la continuación del pleito constituye un abuso de discreción por violación a su debido proceso de ley.

Surge del expediente ante nuestra consideración que, el señor Avilés Cardona instó una reclamación laboral de conformidad con la Ley Núm. 2, *supra*. En vista de la naturaleza sumaria de este pleito, nos corresponde evaluar si este Tribunal de Apelaciones tiene facultad para revisar vía *certiorari* la determinación interlocutoria que denegó por segunda ocasión una desestimación solicitada por Triple-S Management fundamentada en falta de parte indispensable y prescripción.

En este análisis debemos ser cuidadosos y conscientes de la naturaleza de la controversia ante nuestra consideración en tal ejercicio discrecional. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 849 (2023). Examinado detenidamente el dictamen impugnado, así como el marco legal pertinente a las reclamaciones laborales de naturaleza sumaria, resolvemos que no existen las circunstancias jurídicas que motiven nuestra intervención en esta etapa de los procedimientos. Como discutimos anteriormente, ostentamos facultad para revisar mediante *certiorari* los dictámenes interlocutorios en casos de Ley Núm. 2, *supra*, que presenten las siguientes circunstancias: (1) cuando el foro primario haya actuado sin jurisdicción; (2) en situaciones en las que la revisión inmediata dispone del caso por completo, y (3) cuando la revisión tenga el efecto de evitar una grave injusticia. Sin embargo, la parte peticionaria no ha demostrado que tales criterios se exhiben en su recurso en estas fase interlocutoria. En vista de este escenario y en aras de salvaguardar la naturaleza sumaria del caso, nos corresponde denegar la expedición del auto de *certiorari* solicitado.

Por último, puntualizamos que la denegatoria del auto de *certiorari* no implica la ausencia de error en el dictamen, cuya revisión se solicita, ni constituye una adjudicación en sus méritos. *Torres Martínez v. Torres Ghigliotty*, *supra*, pág. 98. En estos casos, la denegatoria es una facultad discrecional, que evita una intervención apelativa a destiempo con el trámite pautado por el foro de instancia. *Íd.* Por tanto, una vez el foro primario dicte sentencia final, la parte afectada ostentará el derecho para presentar el recurso apelativo correspondiente. *Íd.* págs. 98-99.

## IV.

Por los fundamentos que anteceden, **denegamos** la expedición del auto de *certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones. La jueza Brignoni Mártir disiente mediante opinión escrita. Muy respetuosamente disiento, al entender que procedía la desestimación de la Querella por falta de parte indispensable y prescripción. No debe haber duda de que el término para presentar la querella por despido injustificado en el caso comenzó a transcurrir el 22 de junio de 2023, fecha en la cual el querellante recibió la carta de despido con membrete de Triple-S Salud (TSS), en un sobre de Triple- S Management (TSM). Ahora bien, si TSS era el patrono del querellante, la querella estaría prescrita ya que la misma se presentó contra otra entidad jurídica distinta. Ahora, ante la duda que sostiene el honorable juez de instancia en cuanto a si TSM era el patrono del querellante, irremediablemente habría que desestimar el caso ante la falta de parte indispensable debido a que surge de la certificación no contravertida presentada por TSM y de la carta de despido presentada como anejo 2 de la Moción en Oposición a Solicitud de Desestimación presentada por el Querellante, que éste fue cesantado de su posición como "Medicare Authorized Representative" en TSS. Por ambos escenarios y por los fundamentos esbozados por la parte peticionaria, expediría el auto de Certiorari y desestimaría la demanda.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones