Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| JETZEL EMANUEL VILLALÍ RODRÍGUEZ<br><br>*Peticionario*<br><br>v.<br><br>DM PIZZA CORP.<br><br>*Recurrido* | TA2025CE00606 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Salinas<br><br>Caso Núm.:<br>SA2025CV00247<br><br>Sobre:<br>Despido Injustificado (Ley Núm. 80) y otros |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 24 de octubre de 2025.

Comparece ante nos, el señor Jetzel Emanuel Villalí Rodríguez (señor Villalí Rodríguez o peticionario) quien presenta recurso de *Certiorari* y nos solicita la revocación de la *Orden*[1] emitida el 8 de septiembre de 2025[2], por el Tribunal de Primera Instancia, Sala Superior de Salinas (TPI o foro recurrido). Mediante el referido dictamen, el TPI le concedió a DM Pizza Corp. (DM Pizza o parte recurrida) un término de diez (10) días para contestar la *Querella*[3] presentada por el peticionario.

Por los fundamentos expuestos a continuación, se ***expide*** el auto de *Certiorari* solicitado y se ***revoca*** la *Orden* impugnada.

### I.

Tras haber sido despedido el 22 de octubre de 2024 de la posición de *Asistente de Gerente*, el 7 de agosto de 2025, el señor Villalí Rodríguez presentó una *Querella* en contra de DM Pizza. En esta, el peticionario se acogió al procedimiento sumario provisto por

---

[1] Apéndice 13 del recurso de *Certiorari*.
[2] Notificada el 9 de septiembre de 2025.
[3] Apéndice 1 del recurso de *Certiorari*.

la Ley Núm. 2 del 17 de octubre de 1961, según enmendada, mejor conocida como "Ley Sumaria de Reclamaciones Laborales" (Ley Núm. 2)[4]. La *Querella* se basó en un despido injustificado y unas reclamaciones de salarios en violación de la Ley Núm. 80 del 30 de mayo de 1976, según enmendada, mejor conocida como "Ley de Indemnización por Despido sin Justa Causa" (Ley Núm. 80)[5].

Así pues, expedido el correspondiente emplazamiento, el 22 de agosto de 2025, se emplazó personalmente a la parte recurrida[6]. Por su lado, el 1 de septiembre de 2025, DM Pizza presentó *Moción Sobre Impugnación de Diligenciamiento de Emplazamiento y Solicitud de Término para Contestar*[7]. En ella, alegó "que en el emplazamiento no se hizo constar ni el nombre del emplazador, ni a quién se le entregó la misma"[8]. Por consiguiente, solicitó al TPI que declarara nulo el diligenciamiento del emplazamiento y que ordenara al señor Villalí Rodríguez volver a emplazar conforme a derecho.

El 3 de septiembre de 2025, el peticionario solicitó al foro recurrido que anotara la rebeldía a DM Pizza y dictara sentencia[9]. Asimismo, arguyó que el Tribunal Supremo de Puerto Rico estableció que en los procedimientos bajo la Ley Núm. 2, *supra*, toda defensa, incluyendo la de falta de jurisdicción sobre la persona, debe incluirse dentro de la alegación responsiva dentro del término jurisdiccional de diez (10) días de haberse diligenciado el emplazamiento[10].

Por su parte, el 4 de septiembre de 2025, el TPI emitió y notificó una *Orden*[11] en la cual le concedió un término de tres (3)

---

[4] 32 LPRA sec. 3118 *et seq.*
[5] 29 LPRA sec. 185a *et seq.*
[6] Apéndice 7 del recurso de *Certiorari.*
[7] Véase, *Moción para que se dicte Sentencia,* Apéndice 10 del recurso de *Certiorari.*
[8] *Íd.*, pág. 3.
[9] Apéndice 10 del recurso de *Certiorari.*
[10] *Íd.*
[11] Apéndice 11 del recurso de *Certiorari.*

días al señor Villalí Rodríguez para que aclarara lo relacionado al emplazamiento.

El 8 de septiembre de 2025, el peticionario presentó *Oposición a Moción Sobre Impugnación de Diligenciamiento de Emplazamiento y Solicitud de Término para Contestar*[12] en la cual adujo que el emplazamiento había sido conforme a derecho. Ese mismo día[13], el foro recurrido emitió una *Orden*[14] mediante la cual declaró *No Ha Lugar* la *Moción Sobre Impugnación de Diligenciamiento de Emplazamiento y Solicitud de Término para Contestar* presentada por la parte recurrida. Igualmente, le concedió un término de diez (10) días para contestar *la Querella*. En vista de lo anterior, el 19 de septiembre de 2025, el señor Villalí Rodríguez solicitó nuevamente al TPI que anotara la rebeldía a DM Pizza[15] y reiteró la improcedencia del dictamen emitido por el foro recurrido al conceder un término para que la parte recurrida presentara su alegación responsiva.

Inconforme, el 22 de septiembre de 2025, DM Pizza sometió una *Réplica a Segunda Solicitud para que se Anote Rebeldía y se Dicte Sentencia Conforme al Procedimiento Sumario Laboral*[16], en la que reiteró su postura de impugnar el emplazamiento y expresó que la segunda solicitud que había presentado el peticionario debía considerarse como una reconsideración. Evaluada tal solicitud, el 22 de septiembre de 2025, el foro recurrido emitió y notificó una *Orden*[17] en la cual declaró *No Ha Lugar* la réplica presentada por la parte recurrida. No obstante, el TPI nada dispuso sobre la anotación de rebeldía.

---

[12] Apéndice 12 del recurso de *Certiorari*.
[13] Notificada el 9 de septiembre de 2025.
[14] Apéndice 13 del recurso de *Certiorari*.
[15] Véase, *Segunda Solicitud para que se Anote Rebeldía y se Dicte Sentencia Conforme al Procedimiento Sumario Laboral*, Apéndice 14 del recurso de *Certiorari*.
[16] Apéndice 15 del recurso de *Certiorari*.
[17] Apéndice 16 del recurso de *Certiorari*.

En cumplimiento con lo anterior, el 28 de septiembre de 2025, DM Pizza sometió su *Contestación a la Querella*[18]. Así pues, el foro recurrido señaló una Vista Inicial para el 29 de octubre de 2025[19] y, el 7 de octubre de 2025[20], ordenó a las partes a confeccionar el informe inicial.

Insatisfecho por la inacción del TPI en cuanto a la anotación de rebeldía, el señor Villalí Rodríguez acude ante nos mediante recurso de *Certiorari* y le imputa al foro recurrido el siguiente señalamiento de error:

> Erró el Tribunal de Primera Instancia al desatender por completo la solicitud de anotación de rebeldía y dictado de sentencia presentado por la parte querellante-peticionaria, al omitir pronunciamiento alguno respecto a esta, y en su lugar, conceder un término a la parte querellada para presentar una moción responsiva, pasar por desapercibidos los escritos de la parte querellante-peticionaria, permitir la presentación de la Contestación de la Querella y señalar fecha para Vista Inicial, ignorando el mandato claro de la Ley Núm. 2 y la jurisprudencia vigente más reciente (*Collazo Muñiz v. New Fashion World Corp.,* 2025 TSPR 22), en perjuicio del procedimiento sumario que pretende proteger al trabajador mediante celeridad y rigor procesal.

Por su parte, el 20 de octubre de 2025 DM Pizza presentó *Moción de Desestimación por Falta de Jurisdicción*. En ella, alegó que si el peticionario no estaba de acuerdo con la determinación recurrida del 8 de septiembre de 2025[21], tenía que recurrir en revisión a este Honorable Tribunal de Apelaciones en el término de diez días, o sea, en o antes del 19 de septiembre.

Contando con la comparecencia de ambas partes, procedemos a resolver.

## II.

### -A-

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar

---

[18] Apéndice 17 del recurso de *Certiorari.*
[19] Véase, *Orden,* Apéndice 18 del recurso de *Certiorari.*
[20] Véase, *Orden sobre Conferencia Inicial y Directrices para la tramitación del litigio,* Apéndice 19 del recurso de *Certiorari.*
[21] Notificada el 9 de septiembre de 2025.

las determinaciones de un tribunal inferior[22]. La determinación de expedir o denegar este tipo de recurso se encuentra enmarcada dentro de la discreción judicial[23]. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera"[24]. Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho"[25].

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de Procedimiento Civil[26]. La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo"[27]. Asimismo, y a manera de excepción, se podrá expedir este auto discrecional en las siguientes instancias:

> [C]uando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia[28].

En consecuencia, las determinaciones que cumplan con la Regla 52.1 de las de Procedimiento Civil, *supra,* pueden ser objeto de revisión y el tribunal apelativo ejercerá su discreción para decidir si expide o no el recurso de *certiorari.* Los criterios que este Tribunal de Apelaciones examina para ejercer su discreción se encuentran

---

[22] Véase *Torres González v Zaragoza Meléndez,* 211 DPR 821 (2023); *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012); *García v. Padró,* 165 DPR 324, 334-335 (2005); *Negrón v. Srio. de Justicia,* 154 DPR 79, 90-92 (2001).
[23] *Íd.*
[24] *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 729 (2014); *Negrón v. Srio. de Justicia, supra,* pág. 91.
[25] *Íd.*
[26] 32 LPRA Ap. V, R. 52.1.
[27] *Íd.*
[28] *Íd.*

recogidos en la Regla 40 de nuestro Reglamento[29]. Esta norma procesal dispone lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia[30].

Por lo tanto, para ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios antes enumerados, se justifica nuestra intervención, pues distinto al recurso de apelación, este tribunal posee discreción para expedir el auto de *certiorari*[31]. Por supuesto, esta discreción no opera en el vacío y en ausencia de parámetros que la dirijan[32].

**-B-**

La *Ley de Procedimiento Sumario de Reclamaciones Laborales,* Ley 2 de 17 de octubre de 1961, según enmendada[33] (Ley Núm. 2), se creó con el fin de establecer un procedimiento sumario para los casos de reclamaciones de obreros y empleados contra sus patronos por servicios prestados. Por conducto de este procedimiento, se

---

[29] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. __, 215 DPR __ (2025).
[30] *Íd.*
[31] *Feliberty v. Soc. de Gananciales*, 147 DPR 834, 837 (1999).
[32] *I.G. Builders et al. v. BBVAPR, supra*; *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580 (2011).
[33] 32 LPRA secc. 3118.

fomenta la rápida consideración y adjudicación de las querellas presentadas por los obreros o empleados[34]. Para alcanzar el propósito del estatuto, el legislador acortó los términos y condiciones que ordinariamente regulan y uniforman la litigación civil en nuestra jurisdicción[35].

Es por lo anterior que, se instituyó un plazo menor para que el patrono responda la Querella que se presentó en su contra o solicite una prórroga dentro del plazo dispuesto[36]. En específico, el patrono querellado tendrá un plazo de diez o quince días, según corresponda al distrito judicial donde fue presentada la Querella y su ubicación, para presentar su alegación responsiva[37].

Sin embargo, a modo de excepción, el patrono puede solicitar una prórroga dentro del plazo dispuesto para contestar en la cual exponga bajo juramento los motivos para ello[38]. Bajo ninguna otra circunstancia, por mandato legislativo, tendrá jurisdicción el tribunal para conceder esta prórroga[39]. Inclusive, aun si el patrono cumple con los criterios requeridos para la solicitud de prórroga, el tribunal no está obligado a concederla, ya que esta determinación dependerá de si la parte querellada demostró, mediante la propia moción, la existencia de una causa justificada para la dilación[40].

Por ende, será imprescindible que el patrono se acate a los términos acortados. **Pues, de lo contrario, el incumplimiento con el plazo legal para contestar la querella o solicitar una prórroga juramentada impone al patrono querellado los efectos de la litigación en rebeldía, pues ya es norma reiterada que, en vista del lenguaje categórico de la Ley Núm. 2,** *supra***, los tribunales**

---

[34] *Santiago Ortiz v. Real Legacy et al*, 206 DPR 194, 206 (2021).
[35] *León Torres v. Rivera Lebrón*, 204 DPR 20, 31 (2020).
[36] *Collazo Muñiz v. New Fashion World Corporation*, 2025 TSPR 22, 215 DPR ___ (2025).
[37] *Íd.*
[38] Sección 3 de la Ley Núm. 2, *supra*, 32 LPRA sec. 3120.
[39] *Vizcarrondo Morales v. MVM, Inc.*, 174 DPR 921 (2008).
[40] *Íd.*, pág. 931.

**no tienen discreción para negarse a anotar la rebeldía a un patrono**[41]. (Énfasis nuestro).

Transcurrido el término para contestar la Querella "el tribunal está impedido de tomar cualquier otra determinación que no sea anotarle la rebeldía al querellado. A ello queda limitada la jurisdicción del tribunal, según establecido por la Sec. 3 de la Ley Núm. 2, *supra*"[42]. Esto se debe a que la naturaleza de las reclamaciones instadas al palio de la Ley Núm. 2, *supra*, exigen celeridad en su trámite. De relegarlas al trámite ordinario, impediríamos la obtención del fin legislativo de proteger el empleo, desalentar los despidos injustificados y proveer a la persona obrera despedida suficientes recursos económicos entre un empleo y otro[43].

**-C-**

La anotación de rebeldía es una de las sanciones que el Tribunal puede imponer a las partes. La figura jurídica de la rebeldía se define como la posición procesal en que se coloca a la parte que ha dejado de cumplir un deber procesal o de ejercitar su derecho de defenderse[44] y la misma se encuentra regulada por la Regla 45 de las de Procedimiento Civil[45].

La Regla 45.1 de las de Procedimiento Civil[46], dispone las situaciones en las cuales procede la anotación de rebeldía, a saber:

> Cuando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario o Secretaria anotará su rebeldía.
> El tribunal a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3(b)(3) de este apéndice.
>
> Dicha anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b) de este apéndice.

---

[41] *Vizcarrondo Morales v. MVM, Inc., supra.*

[42] *Íd.*, pág. 935.

[43] *Íd.*

[44] J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, 2da ed., San Juan, Ed. Publicaciones JTS, 2011, T. IV, pág. 1337.

[45] 32 LPRA Ap. V, R. 45.

[46] *Íd.*

La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía.

"La anotación de rebeldía o el dictar sentencia en rebeldía a una parte como sanción por su incumplimiento con una orden del tribunal siempre debe darse dentro del marco de lo que es justo, y la ausencia de tal justicia equivaldría a un abuso de discreción"[47].

**III.**

En el caso de autos, el señor Villalí Rodríguez adujo que el foro recurrido erró al no anotarle la rebeldía a DM Pizza y otorgarle un término para que presentara su moción responsiva.

En desacuerdo, la parte recurrida presentó *Moción de Desestimación por Falta de Jurisdicción* en la cual alegó que si el peticionario no estaba de acuerdo con la determinación impugnada del 8 de septiembre de 2025[48], tenía que recurrir en revisión a este Honorable Tribunal de Apelaciones en el término de diez (10) días, o sea, en o antes del 19 de septiembre.

Trabada la controversia, nos corresponde determinar si el foro recurrido aplicó correctamente la normativa establecida por nuestro Tribunal Supremo[49].

Antecede repasar los hechos para así proceder a aplicar la normativa previamente mencionada. El 7 de agosto de 2025, el peticionario presentó ante el TPI, Sala Superior de Salinas, una querella por despido injustificado y solicitó acogerse al procedimiento sumario, establecido en la Ley 2-1961[50]. Además, informó en su petitorio, que DM Pizza ubica en la Ave Quilinchini Núm. 13, Sabana Grande, PR, 00637. Posteriormente, el 26 de agosto de 2025, notificó al foro recurrido que el diligenciamiento del emplazamiento ocurrió el día 22 de agosto de 2025.

---

[47] *Rivera Figueroa v. Joe's European Shop, supra*, pág. 590.
[48] Notificada el 9 de septiembre de 2025.
[49] *Collazo Muñoz v New Fashion World Corporation, supra; Hernández v. Espinosa,* 145 DPR 248 (1998).
[50] 32 LPRA § 3120.

Así pues, conforme al ordenamiento jurídico establecido por el procedimiento sumario de la Ley 2-1961[51], el plazo disponible para presentar su contestación por escrito es de 15 días porque la reclamación se hizo en un distrito judicial diferente, a saber, el peticionario presentó su petitorio en Salinas y la parte recurrida ubica en Sabana Grande. Por tanto, el término de DM Pizza para presentar su alegación responsiva vencía el sábado 6 de septiembre de 2025[52].

No obstante, el 1 de septiembre de 2025, DM Pizza presentó *Moción sobre Impugnación de Diligenciamiento de Emplazamiento y Solicitud de Término para Contestar*[53]*,* en la cual solicitó que se declarara nulo el diligenciamiento del emplazamiento por alegadamente incumplir con las Reglas 4.3 y 4.4 de Procedimiento Civil[54].

El 3 de septiembre de 2025, el peticionario presentó *Moción para que se Dicte Sentencia*[55] y alegó que DM Pizza incumplió con la normativa *Collazo Muñiz v. New Fashion World Corporation,* 2025 TSPR 22, 215 DPR ___ (2025).

El 4 de septiembre de 2025, el **TPI emitió *Orden*[56] *en la cual concedió tres (3) días al peticionario*** para que aclarara lo relacionado al emplazamiento.

El 8 de septiembre de 2025 y en cumplimiento con la *Orden,* el peticionario presentó *Oposición a Moción sobre Impugnación de Diligenciamiento de Emplazamiento y Solicitud de Término para Contestar*[57]*,* en lo pertinente, el señor Villalí Rodríguez reiteró su petitorio y requirió nuevamente que se dictara sentencia de conformidad con lo solicitado en la moción para solicitar la

---

[51] 32 LPRA secc. 3120.
[52] Se extiende la fecha a 8 de septiembre de 2025, véase, 32 LPRA Ap. V, R. 68.1
[53] Entrada #9 de SUMAC.
[54] 32 LPRA Ap. V, R. 4.3 y 4.4.
[55] Entrada #10 de SUMAC.
[56] Entrada #11 de SUMAC.
[57] Entrada #12 de SUMAC.

anotación de rebeldía y solicitud de sentencia [entrada #10 de SUMAC].

**El 8 de septiembre de 2025**, el TPI emitió una *Orden*[58] en la cual dispuso: "No Ha Lugar a la solicitud presentada en la *Moción sobre Impugnación de Diligenciamiento de Emplazamiento y Solicitud de Término para contestar (9) presentada por la Querellada. **_Se le concede un término de veinte (10) días para contestar demanda_**"*.* (Énfasis nuestro).

El 19 de septiembre de 2025, el peticionario reiteró la solicitud de anotación de rebeldía[59], y en oposición, el 22 de septiembre de 2025, DM Pizza presentó *Réplica a Segunda Solicitud para que se Anote Rebeldía y se dicte Sentencia Conforme al Procedimiento Sumario Laboral*[60] en la que hilvana los mismos argumentos legales que presentó ante esta Curia mediante la *Moción de Desestimación*[61].

El 22 de septiembre de 2025, el foro recurrido emitió Orden declarando No Ha Lugar la moción presentada en la entrada #15 de SUMAC. Finalmente, el 28 de septiembre de 2025, **luego de haber transcurrido treinta y siete (37) días de haber sido emplazado**, DM Pizza presentó la *Contestación a la Querella*[62].

Como adelantamos en la exposición del derecho, el patrono querellado tendrá un plazo de diez o quince días, según corresponda al distrito judicial donde fue presentada la *Querella* y su ubicación, para presentar su alegación responsiva[63]. No obstante, a modo de excepción, el patrono puede solicitar una prórroga dentro del plazo dispuesto para contestar en la cual exponga bajo juramento los motivos para ello[64]. De no actuar conforme a lo establecido en el

---

[58] Entrada #13 de SUMAC.
[59] Entrada #14 de SUMAC.
[60] Entrada #15 de SUMAC.
[61] Entrada #2 SUMAC TA.
[62] Entrada #17 de SUMAC.
[63] *Collazo Muñiz v. New Fashion World Corporation, supra.*
[64] Sección 3 de la Ley Núm. 2, *supra*, 32 LPRA sec. 3120.

estatuto, el foro recurrido carece de discreción para tomar otra acción que no sea la de anotar la rebeldía.

Véase que, al igual que en *Collazo Muñiz v. New Fashion World Corporation, supra*, la parte recurrida no presentó contestación a la *Querella* y tampoco presentó solicitud de prórroga debidamente fundamentada y juramentada dentro del término legal dispuesto por la Ley Núm. 2, *supra*. Contrario a lo dispuesto en el mencionado estatuto, dicha parte optó por presentar una *Moción Sobre Impugnación de Diligenciamiento de Emplazamiento y Solicitud de Término para Contestar*. Al presentar dicho escrito como primera comparecencia, DM Pizza incumplió crasamente con la Sección 3 de la Ley 2-1961. Fíjese que el Tribunal Supremo de Puerto Rico expresó:

> Luego de un análisis exhaustivo tanto de la Ley Núm. 2, supra, como de la jurisprudencia de este Tribunal, concluimos que permitir que un patrono querellado presente una moción de desestimación previo a su alegación responsiva atenta en contra del carácter sumario por el cual se ideó esta ley[65].

Establecido que DM Pizza no presentó su alegación responsiva dentro del término establecido por la Ley 2-1961, **ineludiblemente le correspondía al TPI anotarle la rebeldía**[66]. Sin embargo, tras realizar un examen minucioso del expediente, colegimos que el foro recurrido nunca se expresó sobre las mociones presentadas por el peticionario, a saber: *Moción para que se Dicte Sentencia*[67] y *Segunda Solicitud para que se Anote Rebeldía y se Dicte Sentencia Conforme al Procedimiento Sumario Laboral*[68].

Como se desprende del tracto procesal, la jueza de instancia atendió todas las mociones de las partes, mas no las relacionadas

---

[65] *Collazo Muñoz v New Fashion World Corporation, supra*.
[66] *Íd.* Expuesto lo anterior, en aquellos casos donde no se presente la alegación responsiva y se opte por presentar únicamente una moción de desestimación, el patrono querellado se arriesga a que, de no proceder en los méritos su solicitud de desestimación y haberse vencido el término para responder a la querella sin haber presentado en término una solicitud de prórroga con justa causa, el tribunal de primera instancia estará obligado a anotarle la rebeldía.
[67] Entrada #10 de SUMAC.
[68] Entrada #14 de SUMAC.

con la solicitud de la anotación de rebeldía. Al actuar de esta forma, el foro recurrido abusó de su discreción y se apartó de la norma jurídica, la cual le imponía la obligación de anotar la rebeldía a DM Pizza al no contestar la *Querella* en el término jurisdiccional establecido para ello.

Así pues, en aras de salvaguardar el procedimiento sumario y garantizar la celeridad de este, procede que este tribunal revisor le anote la rebeldía a DM Pizza. Además, determinamos que no nos persuade el argumento de DM Pizza al señalar que el recurso presentado atenta contra la letra, el espíritu y la intención del legislador con la Ley Núm. 2, *supra.* Al contrario, colegimos que es la propia parte recurrida quien atentó contra el estatuto antes señalado.

**IV.**

Por los fundamentos antes expuestos, ***expedimos*** el auto de *Certiorari* solicitado y ***revocamos*** la *Orden* recurrida. Así pues, le anotamos la rebeldía a la parte recurrida, DM Pizza Corp., y devolvemos el caso al foro primario para la continuación de los procedimientos, conforme a lo aquí dispuesto.

**Notifíquese inmediatamente**.

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones
