Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL ESPECIAL**

| Reynaldo Ortega Jiménez<br><br>Recurrido<br><br>vs.<br><br>Trailer Bridge, Inc.<br><br>Recurrente | TA2025CE00699 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Civil Núm.: GB2024CV00013<br><br>Sobre: Despido Injustificado (Ley Núm. 80), Procedimiento Sumario Bajo la Ley 2 |
|---|---|---|

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón.

Rivera Colón, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 13 de noviembre de 2025.

Comparece Trailer Bridge, Inc. (Trailer Bridge o parte peticionaria), a los fines de solicitar la revisión de una Minuta Resolución emitida 26 de septiembre de 2025[1], por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro primario). Mediante el referido dictamen, el foro primario excluyó cuatro testigos propuestos por la parte peticionaria, pues no fueron anunciados oportunamente durante la etapa del descubrimiento de prueba.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable, denegamos la expedición del auto de *Certiorari* solicitado por los fundamentados que expondremos a continuación.

**I.**

El 8 de enero de 2024, el señor Reynaldo Ortega Jiménez (Sr. Ortega Jiménez o parte recurrida) radicó una Querella contra

---

[1] Notificada el 20 de octubre de 2025.

Trailer Bridge sobre despido injustificado al amparo del proceso sumario de reclamaciones laborales, dispuesto en la Ley Núm. 2-1961, *infra*. En síntesis, alegó que en el año 2023, el presidente ejecutivo de Trailer Bridge, el Sr. Mitch Luciano, le comunicó que debía firmar una amonestación escrita por su actuación al momento de atender unas llamadas telefónicas, o de lo contrario, sería despedido. Según detalló la parte recurrida, su patrono le indicó "que había recibido una queja en la cual se le imputaba haber enganchado el teléfono a un compañero de trabajo ubicado en las facilidades de Jacksonville, Florida".[2] Ante estas circunstancias, adujo que negó tal imputación, sin embargo, la parte peticionaria procedió a destituido arbitrariamente. En vista de lo anterior, solicitó el pago de $190,074.90 en concepto de indemnización por despido injustificado.

Por su parte, el 22 de enero de 2024, Trailer Bridge presentó su Contestación a la Querella. En esencia, arguyó que, el Sr. Ortega Jiménez incurrió en conducta contraria a las normas de la empresa, pues generó un ambiente hostil al atender las llamadas telefónicas. A raíz de tal situación, expuso que, le expresó al recurrido que tendría que comprometerse a no repetir esa conducta. No obstante, manifestó que el empleado se negó a cumplir con tal compromiso, por lo que, procedió a despedirlo.

**Tras la concesión de unas extensiones de términos solicitadas por ambas partes, el foro primario estableció que el descubrimiento de prueba concluiría el 30 de octubre de 2024**.[3]

Así las cosas, el 29 de junio de 2025, las partes presentaron conjuntamente el Informe Preliminar entre Abogados para la Conferencia con Antelación al Juicio (Informe Preliminar de

---

[2] Entrada (1) del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI), a la pág. 2.
[3] Entrada 20 del SUMAC TPI.

Conferencia con Antelación a Juicio). En lo pertinente, Trailer Bridge indicó que presentaría a los siguientes testigos en su turno de prueba: (1) el Sr. Christian Fontánez, quien es supervisor de operaciones de embarcaciones de la empresa; (2) el Sr. Elías Rojas, dueño y presidente de RTS LLC, compañía contratada por la parte peticionaria para prestar servicios de seguridad; (3) el Sr. José Javier Méndez, director de mantenimiento y seguridad Interna de Trailer Bridge; y (4) y la Sra. Kacy Swanson, quien es la vicepresidenta de servicios al empleado de la empresa peticionaria.

Por su parte, en el Informe Preliminar de Conferencia con Antelación a Juicio, el Sr. Jiménez Ortega señaló que, los testigos mencionados no fueron anunciados durante la etapa del descubrimiento de prueba. Igualmente, puntualizó que la parte peticionaria no le facilitó la lista de testigos, la cual solicitó desde el mes de abril de 2024. Por ende, argumentó que el testimonio de estas personas es inadmisible.

El 4 de agosto de 2025, el foro primario celebró la Conferencia con Antelación a Juicio. Luego de evaluar los argumentos esbozados por las partes, el TPI emitió el siguiente pronunciamiento recogido en la Minuta Resolución, notificada el 20 de octubre de 2025:

> ***El Tribunal manifestó que hubo una vista para que informaran cuál era el descubrimiento de prueba a tenor con la Ley 2. El Tribunal no ha pasado juicio sobre la comparecencia de esos testigos. La jurisprudencia ha sido consistente a tenor con la Ley 2 que se puede combinar mecanismos de descubrimiento de prueba. El ordenamiento procesal establece la obligación de las partes de suplementar el descubrimiento de prueba y de anunciar oportunamente, entiéndase antes del vencimiento del descubrimiento, toda la prueba. En los procedimientos civiles no hay prueba sorpresiva. Aun en el supuesto de aceptar la teoría de la parte querellada de que no se solicitó el listado de testigos, era la obligación procesal de la parte querellada anunciar oportunamente todos sus testigos.***

> *Dicho esto, los testigos anunciados en la página 33 en la entrada número 66 de SUMAC del informe los testigos, que son: Christian Fontánez, Elías Rojas, José Javier Méndez y Kacy Swanson se eliminan por no haber sido anunciados oportunamente, privándose de esa forma a la parte querellante de poder realizar descubrimiento de prueba respecto a tales testigos.*[4] (Énfasis nuestro).

Inconforme, el 30 de octubre de 2025, Trailer Bridge recurrió ante este Tribunal de Apelaciones mediante un recurso de *Certiorari*, en el cual presentó los siguientes señalamientos de error:

1. *Erró el TPI al concluir que TB tenía una obligación adicional de proveer una lista de testigos cuando en la vista del 3 de mayo de 2024, Ortega le expresó al TPI que de surgir algún "otro" testigo durante la deposición del Sr. Luciano, dicha parte solicitaría autorización al TPI para deponer a dichas personas identificada en la deposición. Así las cosas, durante la deposición del Sr. Luciano Ortega nunca inquirió sobre posibles testigos, pero aun así, el Sr. Luciano identificó los testigos que dieron declaración durante la investigación realizada por TB e incluso TB proveyó a Ortega copia de las declaraciones dadas por dichas personas como parte de la investigación. Por tanto, según lo discutido en la vista del 3 de mayo de 2024, Ortega era quien debía haber solicitado oportunamente permiso para deponer a dichas personas, que son los mismos que ahora el TPI excluyó.*

2. *Erró el Honorable Tribunal al concluir que TB debió proveer una lista de testigos como parte del aviso de deposición duces tecum y que el no hacerlo ameritaba la exclusión de los testigos de TB, cuando, el mismo requerimiento fue hecho por TB a Ortega, y éste nunca produjo una respuesta, ni la lista. O sea, el TPI requiere de TB, lo que no requiere de Ortega.*

3. *Erró el TPI al eliminar testigos de la defensa de TB, lo que limita injustificadamente la defensa de TB y la priva de su "día en cort3", en violación al debido proceso de ley. Máxime cuando restan más de 4 meses para el juicio, por lo que aun si el TPI entendiera que no fue Ortega quien se cruzó de brazos al no solicitar autorización para deponer a las personas identificadas durante la deposición del Sr. Luciano, tal y como había dicho Ortega que estaría haciendo en la vista del 3 de mayo de 2024, pudo haber permitido a Ortega que tome las deposiciones*

---

[4] Entrada 93 del SUMAC TPI.

*de dichos testigos, lo cual no afectaría en nada la celebración del juicio en su fondo en la fecha ya señalada.*

*4. Erró el TPI al no permitir a la parte querellada exponer todos sus argumentos sobre la controversia de los testigos y descartar de plano mociones que contenían fundamentos de estricto derecho.*

El 3 de noviembre de 2025, emitimos una Resolución, en la cual le ordenamos a la parte recurrida a someter su alegato en oposición dentro de un término a vencer 12 de noviembre de 2025. En cumplimiento, el 11 de noviembre de 2025, el Sr. Ortega Jiménez presentó su Alegato en Oposición a Expedición de Certiorari. Con el beneficio de la comparecencia de las partes, procedemos a discutir el marco legal pertinente a la controversia ante nuestra consideración.

**II.**

**A.**

Es norma reiterada que, el auto *Certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una determinación de un tribunal inferior. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020). Véase, también, Art. 670 del Código de Enjuiciamiento Civil, Ley Núm. 6 del 31 de marzo de 1933, 32 LPRA sec. 3491. La característica distintiva de recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 209 (2023); *IG Builders et al.* v. *BBVAPR,* 185 DPR 307, 338 (2012).

En aras de orientar la discreción judicial, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita aquellas circunstancias que permiten la intervención de este Tribunal de Apelaciones para atender ciertas determinaciones interlocutorias:

> *El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.*

Nuestra autoridad se activa de mediar alguna de estas instancias. Ello, pues, la regla procesal aludida establece que ciertos dictámenes interlocutorios pueden: (1) afectar sustancialmente el resultado del pleito, o (2) tener efectos limitativos para la defensa o reclamación de una parte, o (3) conllevar cuestiones neurálgicas o de política pública que deben estar sujetos a revisión de forma inmediata. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 847-848 (2023) (citando a e R. Hernández Colón, <u>Práctica jurídica de Puerto Rico: derecho procesal</u> *civil*, 6.a ed., San Juan, Ed. LexisNexis, 2017, Sec. 5515a, págs. 533).

No obstante, una vez se adquiere jurisdicción en virtud de la Regla 52.1 de Procedimiento Civil, *supra*, la expedición del auto y su adjudicación en los méritos es discrecional. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008). En armonía con lo anterior, la Regla 40 del Tribunal de Apelaciones, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, a las págs. 62-63, 215 DPR __ (2025), delimita los siguientes criterios para ponderar la expedición del auto solicitado:

> *A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.*

*B. Si la situación de hechos planteada es la más indicada para analizar el problema.*

*C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.*

*D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.*

*D. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*

*E. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*

*F. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*

Nótese que, la regla precitada facilita que la evaluación respecto a la expedición del recurso no transcurra en el vacío ni en ausencia de otros parámetros. *IG Builders et al.* v. *BBVAPR*, a la pág. 338; *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011). Así pues, al examinar si procede la expedición del caso nos corresponde ser cuidadosos y conscientes de la naturaleza de la controversia ante nuestra consideración. *Torres González v. Zaragoza Meléndez, supra*, a la pág. 849. Por la naturaleza extraordinaria de este recurso, no debemos intervenir en las determinaciones de hechos del Tribunal de Primera Instancia, salvo que se pruebe que actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto. *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018). Véase, además, *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 771 (2013).

**B.**

La Ley de Procedimiento Sumario de Reclamaciones Laborales, Ley Núm. 2 de 17 de octubre de 1961, 32 LPRA sec. 3118, según enmendada (Ley Núm. 2-1961), permite que un

empleado inste un reclamo por despido injustificado contra su patrono. Por su naturaleza sumaria, la parte que impugne las resoluciones interlocutorias deberá esperar hasta la sentencia final e instar contra ella el recurso pertinente a base del alegado error cometido. *Dávila, Rivera v. Antilles Shipping, Inc.*, 147 DPR 483, 497 (1999).

No obstante, esta normativa no es absoluta. El Tribunal Supremo de Puerto Rico ha delineado unas circunstancias específicas que permiten a los tribunales apelativos activar sus facultades revisoras en etapa interlocutoria, a saber:

> *(1) [C]uando el foro primario haya actuado sin jurisdicción; (2) en situaciones en las que la revisión inmediata dispone del caso por completo, y (3) cuando la revisión tenga el efecto de evitar una grave injusticia. Díaz Santiago v. PUCPR et al.*, 207 DPR 339, 349 (2021); *Dávila, Rivera v. Antilles Shipping, Inc.*, *supra*, pág. 497. (Citas omitidas).

De no mediar tales circunstancias, los foros revisores apelativos no debemos intervenir en la fase interlocutoria. Ello, pues, la naturaleza de las reclamaciones instadas al palio de la Ley Núm. 2-1961, *supra*, exigen celeridad en su trámite. *Collazo Muñiz v. Aliss,* 2025 TSPR 22; 215 DPR __ (2025).

### III.

En el recurso de epígrafe, el Trailer Bridge señala que erró el foro primario al no permitir la intervención de los testigos anunciados en el Informe Preliminar de Conferencia con Antelación al Juicio. Alega que, tal actuación constituye una sanción injustificada que le priva del derecho a presentar testigos esenciales en su defensa. En vista de ello, peticiona la revocación del dictamen recurrido.

En oposición, el Sr. Ortega Jiménez precisa que instó su Demanda al amparo del procedimiento sumario dispuesto en la Ley Núm. 2-1961, *infra.* En esa línea, sostiene que debemos

abstenernos de intervenir, pues no median ningunas de las circunstancias que ameriten activar nuestras facultades revisoras en esta etapa interlocutoria. En los méritos del caso, argumenta que la parte peticionaria no anunció durante la etapa del descubrimiento de prueba los cuatro testigos presentados en el Informe Preliminar de Conferencia con Antelación a Juicio.

Luego de evaluar detenidamente el expediente ante nuestra consideración, no encontramos los criterios enumerados en la Regla 40 del Tribunal de Apelaciones, *supra,* que nos muevan a expedir el recurso discrecional presentado por Trailer Bridge. Nada en el expediente nos devela indicios de prejuicio, parcialidad, abuso de discreción o error manifiesto por parte del foro primario. En vista de lo anterior, denegamos la expedición del auto de *Certiorari* solicitado por la parte peticionaria.

**IV.**

Por los fundamentos que anteceden, los que hacemos constar en este dictamen, denegamos la expedición del auto de *Certiorari* solicitado por Trailer Bridge, Inc.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones